THOMAS SEATON, Respondent *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellant.

1. *Practice, civil—Corporation, appearance of admits existence.*—A corporation, by appearing to a suit, thereby admits its corporate existence.
2. *Damages—Suit against railroads for, may be brought in name of party damaged—Jury may award double damages, when.*—Suit against a railroad company to recover double damages for injuries to stock, need not be brought in the name of the State under § 42 of the Railroad Statute (Wagn. Stat., p. 310), but may be instituted under § 43 thereof, in the name of the owner. Double damages, although looked upon as punitive, may be also treated as compensatory.

In such case the Supreme Court will not reverse the case, because double damages were awarded by the jury instead of the court, no harm resulting from such irregularity.

*Appeal from Clinton Circuit Court.*

*J. H. Shanklin and M. A. Low*, for Appellant.

I. Section 43 is penal (Sedgw. Const. Law, 41), and the action should have gone in name of the State. (Trice vs. Han. &. St. Jo. R. R. Co., 49 Mo., 438; Iba vs. Han. & St. Jo. R. R. Co., 45 Mo., 469.)

*William Henry*, for Respondent.

I. The damages given by § 43 of the Railroad Act (Wagn. Stat., 310), although in the nature of a penalty, are given to the owner of the cattle injured or killed.

II. Section 42 is directory, not mandatory. (State to use, etc. vs. Hann. & St. Jo. R. R. Co., 51 Mo., 532.)

ADAMS, Judge, delivered the opinion of the court.

This was an action commenced before a Justice of the Peace, under § 43, Wagn. Stat., 310, for double damages for killing several hogs by defendant.

The plaintiff recovered a judgment before the justice, and the defendant took an appeal to the Circuit Court, when the plaintiff again had judgment, and the defendant appealed to this court, which reversed and remanded the case for a new trial.

The case was again tried before the Circuit Court, and again

resulted in a judgment for the plaintiff, and the defendant has again appealed to this court.

On the trial in the Circuit Court, the plaintiff gave evidence tending to prove his case as stated, and also evidence of the corporate existence of the defendant. The defendant objected to the character of the evidence given to establish its corporate existence, but it need not be recited, as under the view we take, it was wholly unnecessary. The defendant had appeared from the commencement of the suit by its attorney, and was all the time in court, as a corporate entity, under the name by which it had been sued ; and that was sufficient without any proof of its corporate existence. If a corporation appears to a suit, it cannot deny its own existence. It either exists or is a non-entity, and if it be a non-entity the whole proceedings would be *coram non judice* and utterly void. When a corporation brings suit, the defendant may deny it its legal existence, and thus render it necessary for its existence to be proven. But when the corporation appears as defendant, such appearance is conclusive evidence of its legal existence for the purposes of the pending case.

The objection is urged here, that this suit ought to have been brought in the name of the State, under Sec. 42, 1st Wagn. Stat., 310, which required all penalties imposed by that chapter to be sued for in the name of the State. But that section refers to penalties due to the State and not to punitive damages, which parties are entitled to recover under section 43 of the same chapter. The owners of stock injured by a railroad have always been allowed to sue in their own name for such injuries, and, in fact, they are the real parties in interest, and ought to bring the suit ; and although double damages may be looked on as punitive, they are also treated as compensatory, and not as mere penalties which belong to the public. (State to use, &c. vs. Han. & St. Jo. R. R. Co., 51 Mo., 532; Hudson vs. St. L., K. C. & N. R. R. Co., 53 Mo., 525.)

The jury found a verdict for double damages, and judgment was given on the verdict as found. It is objected that

the jury ought to have found single damages and left it to the court to double the damages by its judgment. That perhaps would have been more regular; but as no harm has been done the defendant by the course pursued, this court will not reverse the judgment for such an error.

The defendant also objects, that there were not separate findings for the several injuries complained of. If this was an error at all, it is not such as injured the defendant.

Upon the whole record, the judgment appears to be for the right party.

Judgment affirmed. All the judges concur.