Mo. River, Fort Scott & Gulf Railroad Company
v. Thomas Shirley.

1. Attorney-Fee; *When Recoverable, Under Stock-Killing Law of 1874.* An action was brought before a justice of the peace under chapter 94 of the laws of 1874, to recover of a railroad company the value of certain stock killed by one of its trains. The company recovered judgment before the justice. On appeal, the plaintiff recovered judgment, and in it the district court included the fees of the plaintiff's attorney on the trial before the justice. *Held*, no error.

2. Corporation; *Effect of Appearance.* A corporation, by appearing to a suit, thereby admits its corporate existence.

*Error from Linn District Court.*

THREE separate suits were brought against the *Railroad Company,* before a justice of the peace, to recover for stock killed by defendant's train of cars. The respective plaintiffs in such suits were *Thomas Shirley, James Fitzmorris,* and *Celicia M. Pulver.* The justice gave judgment in each case against the plaintiff. The cases were appealed to the district court, where a trial was had in each, at the November Term 1877. *Shirley* recovered a judgment for $35 for the value of two heifers killed, and for $10 attorney-fee for the trial before the justice, and $20 for the trial in the district court. *Fitzmorris* recovered a judgment for $20 for one steer killed, and $10 attorney-fee for the trial before the justice, and $25 attorney-fee for the trial in the district court. *Pulver* recovered a judgment for $30 for one cow killed, and $10 attorney-fee for the trial before the justice, and $25 attorney-fee for the trial in the district court. The *Railroad Company* brings all three cases here on error. The cases were heard and decided together.

*Blair & Perry,* for plaintiff in error.

*Biddle & Blue,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: These cases all arose under the stock-killing law of 1874. They were commenced before a justice of the peace, and judgments having been there rendered in favor of the railroad company, were taken on appeal to the district court. In the latter court judgments were rendered in favor of the plaintiffs for the value of the stock killed, and attorney-fees in the justice's as well as the district court. And this presents the first question. Where the stock-owner is defeated in the trial before the justice, and appeals to the district court, can he, if successful in the latter court, recover anything for the services of his attorney in the trial before the justice? We

1. Attorney-fees; general rule, as to recovery, and amount.

think he may. The statute provides that the owner may recover from the railway company the value, "together with a reasonable attorney-fee for the prosecution of the suit." Now the judgment finally rendered on the appeal establishes the fact of plaintiff's right to recover, and that upon the merits of the controversy the justice erred. The attorney-fee is for the prosecution of the suit; and this covers the entire prosecution from the commencement until its final termination in the district court. The company was in the wrong for not paying the claim. Its wrong compelled the action. The skill and ability of its counsel delayed the plaintiff in his recovery. Should it profit by causing this delay? Suppose such skill and ability should prolong the contest in the district court, hang one jury, secure an adverse verdict from another, and only be defeated after a long and wearisome litigation: would it be right that the plaintiff should recover no larger attorney-fee than if without struggle it had suffered the party to take the judgment to which he was entitled? The extent of the litigation, as well as the amount in controversy, is an important factor in determining the proper fee to be awarded. It must be a "reasonable fee" — reasonable, considering all the elements in the particular case which affect the proper amount of the attorney's compensation. The law may be a stringent one. Perhaps its very stringency was necessary to make it adequate protection to those who are sought to be protected by it; or it may be, that it is unwisely and needlessly stringent. But these matters are for legislative consideration. The question with the courts is one of power, and not of policy. And that question having been solved heretofore in favor of the law, it only remains to apply its various provisions to the cases as they arise.

A second matter of alleged error is in the proof of the defendant's incorporation. The bill of particulars filed with the justice alleged that the defendant was a corporation duly organized under the laws of the state of Kansas. Service was made upon an agent of

2. Corporation; when proof of incorporation not required.

said defendant. The transcript from the justice shows that on the trial *the parties* appeared by counsel. The defendant filed a written demurrer, which reads, "And now comes the defendant above named, the M. R. Ft. S. & Gulf Railroad Co., by its attorneys," etc. This being overruled, a trial was had, and judgment rendered in favor of the defendant. In the district court the record recites that the parties appeared by their counsel, naming them, mutually waived a jury, and submitted the case to the court for trial. After the judgment the defendant filed a motion for a new trial, which reads, "Now comes the defendant and moves," etc., and is signed "Blair & Perry, attorneys for defendant." And in this court the M. R. Ft. S. & G. Railroad Co. files its petition in error, alleging that judgment was rendered against it in the district court in an action wherein the defendant in error was plaintiff and it was defendant. Now upon these facts alone, and without considering the character or sufficiency of the testimony actually offered on the trial, we think the plaintiff in error has no cause of complaint in regard to the proof of its incorporation.

Counsel in this, as in some other cases lately before us, have relied upon the case of *Stanley v. Farmers Bank,* 17 Kas. 592, which decided that in a justice's court the existence of a corporation may be put in issue by the defendant without denial under oath, and even without any written denial; and have deduced therefrom, that in an action in such court against a corporation it devolves upon the plaintiff to prove the corporate existence of the defendant, unless there be some express admission or waiver thereof by the defendant, ignoring the fact that when a party comes into court he thereby admits his own existence. When a plaintiff comes into court and alleges that it is a corporation, it binds itself by that allegation, but does not bind the defendant, and the latter may challenge the fact. Because a petition has been filed, and a summons served, the defendant does not therefore of necessity admit that there is a plaintiff back of it. He may deny the fact that there is such a plaintiff, and compel

him to come forward and reveal himself. But a party may not come into court and deny his own existence. He may deny his liability to suit, his power to act, or responsibility for his actions; but *coming in*, he admits that he exists. So that when a bill of particulars is filed, stating a cause of action against an alleged corporation, if the party upon whom service is made comes in and pleads, and goes to trial as the defendant sued, there is no need of the plaintiff's proving that it is the defendant, and that it exists. The defendant thus coming in has admitted its own existence. The case of *Seaton v. C. R. I. & P. Rld. Co.*, 55 Mo. 416, is exactly in point. In it the court says: "If a corporation appears to a suit, it cannot deny its own existence. It either exists, or is a nonentity; and if it be a nonentity, the whole proceedings would be *coram non judice*, and utterly void. When a corporation brings suit, the defendant may deny its legal existence, and thus render it necessary for its existence to be proven. But when the corporation appears as defendant, such appearance is conclusive evidence of its legal existence for the purposes of the pending case." See also, *Hudson v. St. L. K. C. & N. Rly. Co.*, 53 Mo. 525; *W. U. Tel. Co. v. Eyser*, 2 Col. 141; *M. C. D. Co. v. The State, &c.*, 43 Ind. 236.

We see no other matters that require notice; and no errors appearing in the rulings referred to, the judgment will be affirmed.

All the Justices concurring.