Thomson, J.,
delivered the opinion of the court.
Ham and Jones, partners in the feed business, sued The A. Gauthier Decorating Company, a corporation, before a justice, to recover the amount of two bills for horse feed, alleged to have been sold by them to the Decorating Company in February and March, 1892; and recovered judgment, from which the defendant appealed to the county court, where judgment was again given for the plaintiffs. The defendant brings the case here by writ of error.
In December, 1891, and again in January, 1892, Wright Gauthier, who was in the employ of the defendant, ordered from the plaintiffs a bill of feed for the defendant. The articles so ordered were furnished and delivered by the plaintiffs *560 to the defendant. In January, 1892, the plaintiffs presented to the defendant their bill for the goods furnished in December, and in February, for those furnished in January. Both these bills were paid by defendant’s check on The American National Bank of Denver. On the face of the January check was the memorandum, “ Ac. A. Gauthier,” and on the face of the February check, the memorandum, “for A. Gauthier feed bill,” which memoranda were written on the checks at the time they were drawn. In February, and the first half of March, the same Wright Gauthier ordered additional goods for the defendant from the plaintiffs, which were furnished as the others had been. On the first or second of March, a bill was rendered to the defendant for the February account, which was retained bjr it until after the middle of the month. The defendant then declined to pay the bill, saying it had nothing to do with it.
Wright Gauthier had no authority from the defendant to order any of the goods which plaintiffs had furnished; he was not its agent for that purpose; the goods were, as it appears, used by A. Gauthier as feed for his horses. This A. Gauthier was in the service of the defendant, as superintendent of its business, under a written contract, by the terms of which he was to receive two hundred dollars per month for his services and the use of three of his horses and wagons ; the horses and wagons, however, to be kept at his expense. This arrangement with A. Gauthier was unknown to the plaintiffs, who supposed from the fact of the bills being paid by the defendant, that the goods were properly chargeable to it.
Counsel for defendant refer us to the well established doctrine that corporations are bound, and bound only, by the acts and contracts of their agent, done and made within the scope of their authority. This is unquestionable law; and in so far as a principal may be affected by the acts of an agent, or assumed agent, the application of the rule is not confined to corporations; it includes all principals; so that it may be said generally, that no principal is bound by the acts of an *561 agent outside of the authority conferred.; or by the acts of one who assumes to be an agent and is without authority. But while this is true, cases frequently arise, in which, notwithstanding no direct authority was ever given, it would be inequitable to permit its existence to be denied. One cannot, even negligently, mislead another to his prejudice, and escape the consequences by disavowing his own acts ; and if he permits another to clothe himself with an apparent authority, or recognizes or adopts the acts of a party who has assumed to be his agent, in such manner as to induce third persons to believe in the existence of the authority and the agency, and, so believing, to deal with such apparent agent on the credit of the principal, he will be estopped to say that such party was not his agent and in possession of the requisite authority. This is evidently the theory upon which the plaintiffs rely for an affirmance of their judgment, because they make no claim that Wright Gauthier was in possession of any actual authority in the premises ; but their proofs are insufficient for the purpose. It clearly enough appears that the goods were ordered for the defendant, and a portion of them paid for by it; but there is no evidence that the defendant, at the time it made the payments, knew that the plaintiffs believed it to be the real purchaser. Such knowledge is essential to an estoppel or a ratification. If the bills which were paid were made out in the name of the defendant, in such manner as to indicate that the plaintiffs supposed they were dealing with it, that fact would probably be sufficient to charge it with knowledge, or at least to put it upon inquiry. The bills upon which this suit was brought are made out in that way, but there is no evidence as to the form of the bills which were paid. They were receipted by the plaintiffs and left with the defendant. Proper legal steps should have been taken to compel their production in court, and if these had been unsuccessful, parol evidence of their contents would have been received. The memoranda upon the checks, while they might indicate some private understanding between the defendant and A. Gauthier as to *562 the disposition of the goods, were no notice to the plaintiffs that the goods were not purchased on the defendant’s account.
The plaintiffs - were permitted, over the objection of the defendant, to prove its incorporation by parol. This was error. Such proof can be made only by an authenticated copy of its charter or certificate of incorporation. But the error was in no way prejudicial to the defendant. The defendant appeared and defended the suit in the justice court. The judgment there recites such appearance. It appealed from this judgment to the county court, and gave an appeal bond, executed in its behalf by its officers, apparently authorized for that purpose. It appeared in the county court, cross-examined witnesses and introduced evidence. It thus admitted its corporate existence, for if it had no existence it could not appear. It did more. The effect of its appeal bond was an affirmation of its incorporation, and it was in the county court by virtue of such affirmation. If a corporation appears to a suit, it cannot deny its own existence; and such appearance is conclusive evidence of its legal existence for the purposes of the pending case. R. R. Co. v. Shirley, 20 Kan. 660; Seaton v. R. R. Co., 55 Mo. 416.
Proof of its incorporation was therefore unnecessary, and it suffered no harm from the incompetent evidence admitted; but because of the deficiency, in the evidence, which we have mentioned, the judgment must be reversed.

Reversed.