56 135
s60 122

The City of Erie v. C. J. Phelps, *as Administrator*
*of the Estate of David Wilson, deceased.*

No. 7736.

1. City — *Summons* — *General Appearance* — *Corporate Exist-*
*ence* — *Estoppel.* Where an action is begun against a city, and
it is described in the petition as a municipal corporation organ-
ized under the laws of the state, and the officers of the city, in
response to the summons, make a general appearance for the city;
and ask for affirmative relief, it cannot afterward deny its cor-
porate existence, and proof of the same by the plaintiff is un-
necessary.

2. Defective Streets — *Notice* — *Liability for Injuries.* Ordi-
narily, a notice to the city marshal of a city of the third class of
a defect in a street would not be regarded as notice to the city,
but where the city marshal is also acting as street commissioner,
and is directed by the mayor to look after the streets and keep
them in good condition, an instruction that the notice to such
officer was notice to the city cannot be regarded as prejudicial
error.

3. Verdict — *Evidence.* Upon examination, the testimony is *held*
to be sufficient to sustain the verdict and judgment.

*Error from Crawford District Court.*

Action by C. J. Phelps, as administrator of the
estate of David Wilson, deceased, against the city
of Erie, to recover damages for personal injuries.
Judgment for plaintiff for $5,000. Defendant brings
the case to this court. The opinion, filed November
9, 1895, states the facts.

*J. L. Denison,* and *T. F. Rager,* for plaintiff in error.

*C. A. Cox,* and *Arthur Fuller,* for defendant in error.

The opinion of the court was delivered by

Johnston, J.: On January 8, 1890, when David
Wilson was passing along one of the principal streets
near the business center of the city of Erie, a heavy
wooden awning, which projected over the sidewalk

and was supported only by brackets, fell upon him, causing serious and permanent injury. There was a partial dislocation of the spinal column, the lower portions of the vertebræ were pulled apart, and the muscles and tendons of the back were badly ruptured and bruised. The city having refused, upon demand, to compensate him for the injury, he brought an action against the city, alleging that the awning as originally constructed was dangerous and defective, that the city was negligent in permitting it to remain without proper and sufficient support, and that its dangerous condition was known to the city, its officers and agents, for a long time before the occurrence of the accident. He claimed judgment against the city in the sum of $7,750. Summons was served on the mayor of the city, and on the answer day the city made a general appearance, and moved the court to require the plaintiff to make his petition more definite and certain in several particulars. The motion was overruled, after which, upon leave obtained, an answer was filed admitting that the plaintiff was injured, but denying that the defendant was guilty of any negligence in the premises, and further alleging that the injury was caused by the fault of the plaintiff himself. A third defense was in the nature of a general denial, and it was verified by the mayor. A trial was had before a jury, which awarded Wilson damages in the sum of $5,000. He has since died, and this proceeding was revived in the name of the administrator.

The first assignment of error is the refusal of the court to compel the plaintiff to make his petition more definite by stating who erected the wooden awning the fall of which caused the injuries to Wilson. The objection is not good. The petition definitely stated

the point where the injury occurred, and the building
to which the defective awning was attached.   It was
fully described and its dangerous character alleged,
together with the fact that the city had ample ·notice
of its condition.

The second assignment of error is the overruling of
a demurrer to the plaintiff's evidence.   It is argued
that the verified general denial put in issue the exist-
ence of the corporation, and that, before the plaintiff
could recover, he must show that Erie was an organ-
ized city of the third class.   Such proof became un-
necessary by reason of the action taken by the city.
It is true that in the petition there was an averment
that Erie was an organized city, and that the general
denial of the answer was verified.   Before the answer
was filed, however, the city made a general appear-
ance in the case, and, without challenging its munic-
ipal character as described in the petition, it asked
for affirmative relief.   The action was begun against
the city of Erie, and it was so entitled.   In the body
of the petition the defendant was described as a ''mu-
nicipal corporation,'' and a ''city of the third class,
created and existing as such corporation and city
under the laws of Kansas.''   It was summoned into
court as an organized city, and its chief officer re-
sponded to the summons, and appeared generally for
the city, as it had been characterized in the petition
and summons.   By the general appearance the city
acknowledged its corporate existence, and its applica-
tion for affirmative relief was based upon the assump-
tion that it was a municipal corporation.   Having
thus appeared and solemnly admitted its existence, it
had no right thereafter to deny its corporate existence,
or to raise an issue which would require proof of the
organization of the city.   (*Gulf Rld. Co. v. Shirley*, 20

Kan. 660 ; *Burdette v. Corgan*, 26 id. 104 ; *Meixell v. Kirkpatrick,* 29 id. 679 ; *Packing Co. v. Casing Co.*, 34 id. 340 ; *Eubank v. City of Edina*, 88 Mo. 654.)  In fact there never was a direct challenge by the city of its corporate character, but it sought to raise the question by a verification of a general denial.  Aside from the admission which has been mentioned, the city applied for a change of venue, and the ground for the change was that the judge was a taxpayer of the *city* of Erie.  Many other admissions, statements and documents appear in the record produced by both of the parties which show the corporate character of the city, and there is nothing meritorious in the claim which is now made.  The admission of the city, however, made at the outset, eliminated from the case any controversy or issue as to its corporate existence.

An objection is made to the charge of the court because it instructed the jury that notice to the city marshal of the defective and dangerous condition of the projecting awning is notice to the city.  The duties of the marshal, as defined by the statute, do not include the inspection or repair of the streets or sidewalks, and ordinarily a notice to him of a defect would not be regarded as notice to the city.  In the present case, however, it appears that the person who was acting as marshal at and before the occurrence of the accident was also the street commissioner.  Aside from this fact, the mayor stated, in response to an inquiry as to what care he took with reference to such awnings, that he had notified the marshal to look after such things and to keep them in good shape.  Under these circumstances the instruction cannot be regarded as prejudicial error.  It appears that the awning was defectively constructed, and was not supported in the manner required by the ordinances of

the city. The fact that it had become loosened from the building, and was in a dangerous condition, was brought to the attention of the mayor about two months before it fell. It is true that he called the owner's attention to the defect, and that an attempt was made to repair it, but the repair was manifestly inadequate, and the mechanic who tried to make the repair stated that he could not insure a job like that. There is much in the testimony which shows that the officers of the city had notice of the dangerous condition of the awning, and certainly its condition existed a sufficient length of time that, if they had exercised a reasonable supervision of the street, they would have discovered the defect in ample time to have prevented the injury.

The objections to the testimony are not material, and the proof appears to be sufficient to sustain the verdict.

Judgment affirmed.

All the Justices concurring.