THE HERALD SHOE COMPANY v. THE OKLAHOMA PUBLISH-ING COMPANY.

(Filed September 3, 1904.)

CORPORATION—Effect of Appearance. A corporation by appearing to a suit against it thereby admits its corporate existence.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before Wm. P. Harper, Trial Judge.*

*Shartel, Keaton & Wells,* for plaintiff in error.

*Thompson & Caldwell,* for defendant in error.

Opinion of the court by

PANCOAST, J.: This was an action commenced in the probate court of Oklahoma county by the Oklahoma Publishing Company against the Herald Shoe Company as a corporation to recover the sum of $74.91 on account of advertising done by the plaintiff for the defendant. After some difficulty the plaintiff procured service upon the defendant, and it answered by filing a general denial under oath, which did not constitute a denial of its corporate existence, but did constitute a general appearance in the case; and afterwards; during the progress of the trial, after the evidence of the plaintiff had been introduced and a demurrer thereto overruled, it procured leave to amend, and in the amendment specifically denied the allegation of the corporate existence of the defendant, alleging that the firm doing business at Oklahoma City under the name of the Herald Shoe Company was a copartnership.

Four assignments of error are argued in the brief. We have examined the record very thoroughly, and must admit there is very little of merit in this proceeding in error. The case seems to have been defended in the court below almost if not entirely upon technicalities.

The first assignment of error is that there was no proof whatever introduced by the plaintiff to show or even tending to show the corporate existence of the defendant. The plaintiff attempted to prove the corporate existence of the defendant by offering in evidence a copy of the charter of the company. This was objected to because of the technical proposition that the copy was not properly certified so as to entitle it to be introduced in evidence. The objection was sustained. The transcript of this charter, however, is contained in the record, and it is difficult, after an examination, to see upon what principle the court sustained the objection. However, it is immaterial in this case whether the charter was allowed to be introduced in evidence or not, or whether the plaintiff in any manner proved the corporate existence of the defendant, as this was admitted by the general appearance of the defendant. The doctrine is well settled that a corporation by appearing to a suit thereby admits its corporate existence. (*Mo. River, Ft. Scott & Gulf R. R. Co. v. Thomas Shirley,* 20 Kan. 660; *Baldwin Coal Co. v. Davis,* [Col. App.] 62 Pac. 1041; *A. Gauthier Decorating Co. v. Ham, et al.,* [Col. App.] 34 Pac. 484; *Seaton v. C. R. I. & P. R. R. Co.* 55 Mo. 416; Cyc. of Law and Procedure, vol. 10, page 1347, and cases there cited.)

It seems to us that after a general appearance, which for the purposes of the case, admitted the defendant was a corporation, the filing of an amended answer containing a

specific denial of the corporate existence, under oath, and the objection to the introduction of the copy of the charter of the defendant was carrying a technical proposition to an extreme.

The second assignment of error is that the court committed error in refusing to admit the testimony of one Rogan, offered on behalf of the defendant, to show that the Herald Shoe Company, as a corporation organized under the laws of the state of Maine, had never employed Mr. Shively as its agent, and consequently, could not be held liable on any contract executed by said Shively; and that the firm known as the Herald Shoe Company, which did business in Oklahoma City, and which had employed Mr. Shively as its agent, was and is a copartnership. There is nothing in the proposition referred to, as the offer of the testimony of Mr. Rogan was upon the question of corporate or partnership existence of the defendant, and did not tend in any way to prove or show that Mr. Shively was not the agent of the defendant. The objection to the introduction of this evidence was properly sustained, because, as stated before, the defendant had admitted its corporate existence, and was estopped from denying the same.

Even if the introduction of this evidence could be construed as tending to prove, or as an offer to prove, that Shively was an agent of the copartnership, it would not be competent, because that would be proof that he was the agent of an organization other than the defendant in this suit. There is ample evidence in the record showing that Shively was the agent of this defendant, and this evidence comes largely from that introduced by the defendant itself. In a letter appearing upon page 47 of the record, a reference is

made to Mr. Shively as the agent of the company, by the general auditor. In the bill of particulars, on page 50, wherein the company sues Shively for $6000.00, it is alleged that as the agent of the company, he had defrauded them out of $6000.00.

There seems to have been an attempt to make it appear that the Herald Shoe Company of Maine and the Herald Shoe Company of Oklahoma City were two separate concerns. The whole record, however, thoroughly disputes this proposition. It is very clear that they are one and the same.

The third assignment pertains to two questions and answers in the testimony of Mr. Dickinson, a witness for the plaintiff below. If the admission of this testimony was error at all, it was harmless error, as it only had reference to the character of the advertisement. There was no attempt to prove the contents of the advertisement, but simply Shively's connection with it as manager, agent or otherwise; and if there was anything prejudicial in this, the defendant certainly could have procured and introduced the original advertisement. We can see nothing prejudicial in the introduction of this testimony.

The remaining assignment goes to the question of the authority of Shively to contract this indebtedness. It seems from the record, taken as a whole, that this defendant, under an organization existing in Maine and perhaps elsewhere, had branch houses selling goods at different places, under the name of the Herald Shoe Company. One was established at Oklahoma City and C. W. Shively was placed in charge. He was general manager of the business at that place. Originally it seems that the advertising was done through an advertising agency, but finally through the instrumentality

of Mr. Shively, this was changed, and he was allowed to contract for the advertising necessary for his branch of the business. This he did, and it seems to us that the evidence contained in the record is ample to show that he was an agent and manager of such character and of such capacity that his principal was and should be held responsible for his contracts of this character. Certainly, letting a contract for advertising for a concern of the character that this is shown to have been, would be nothing out of the usual, but in a direct line and within the scope of his general authority. The fact that the arrangment for advertising through an advertising agency was discontinued by the principal, shows clearly that it was intended to place the advertising in charge of Mr. Shively. There is no question here of an agent exceeding his authority.

Having carefully examined the record in the case and finding no error therein, the judgment of the court below is affirmed.

All the Justices concurring.