THE TOWN OF NORMAN v. URSULA J. TEEL.

(Filed July 18, 1902.)

1. STREETS AND SIDEWALKS—Care of. A municipal corporation is bound by law to use ordinary care and diligence to keep its streets and sidewalks in a reasonably safe condition for public use in the orinary modes of traveling, and if it fails to do so it is liable for injuries sustained by reason of such negligence, provided, however, that the party injured exercises ordinary care to avoid the injury.

2. ORDINARY CARE—Defined. Ordinary care, as applied to personal injury cases, means that degree of care and caution which might reasonably be expected from an ordinarily prudent person, under the circumstances surrounding the party at the time of the injury, and this is a question of fact for the jury to determine.

3. STREETS AND SIDEWALKS—Notice of Defective Condition. As a general rule, notice to a city marshal of a town or city of the defective condition of a street or sidewalk is insufficient to charge the municipality with actual notice, but where the city marshal is instructed by the city council or board of trustees to look after the condition of the streets and sidewalks, and to repair them or cause them to be repaired, it is not error to admit testimony to show that such officer had actual notice of the condition of the sidewalk a short time before the accident occurred.

4. SAME. The sufficiency of notice to fasten liability upon a city for a defective sidewalk is a question of fact to be determined by a jury under all the circumstances surrounding the particular case.

It is not essential that the corporation shall have actual notice. If the defective condition of the street or sidewalk has existed for such a period of time that by the exercise of ordinary care and diligence the city authorities could have repaired the defect and placed the street or sidewalk in a reasonably safe condition, and it fails to do so, then it is liable for any injuries that may be occasioned thereby by reason of such negligence, provided the injured party was in the exercise of ordinary care.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before C. F. Irwin, Trial Judge.*

*B. F. Williams, B. F. Wolf, S. H. Harris, A. W. Fisher* and *Joseph G. Lowe,* for plaintiff in error.

*J. R. Keaton* and *John Franing,* for defendant in error.

Opinion of the court by

HAINER, J.:  This was an action brought by the defendant in error against the town of Norman to recover damages for personal injuries alleged to have been sustained by reason of a defective sidewalk on one of the streets of said town. The defense interposed by the town was that the sidewalk at the point where the injury occured was in a reasonably safe condition for travel, and that the town had no notice, either actual or constructive, of the defect which caused the injury; that if the sidewalk was out of repair the plaintiff had knowledge of the same, and the injury resulted from her negligence and failure to use due care and caution in passing over the walk. The plaintiff recovered judgment for $1,407.29, and the defendant corporation brings the case here on appeal.

A number of errors are assigned by plaintiff in error, but we think they may be embraced and considered in three

general propositions, namely, (1,) Is the evidence insufficient to sustain the verdict? (2,) Did the court commit error in admitting incompetent testimony? and (3,) Did the court err in its instructions to the jury? The plaintiff in error claims that the evidence shows that the sidewalk was in reasonable safe condition for public travel, considering its location and the nature of the municipality and the means of making repairs, and that the town was not guilty of negligence in keeping the sidewalk in repair; and furthermore that the plaintiff was guilty of contributory negligence in not taking sufficient precaution to avoid the injury. We do not think this contention of plaintiff in error is sustained by the evidence.

It appears from the evidence in this case that the plaintiff, Mrs. Teel, was sixty-six years of age; that she resided just outside the limits of the town, on the north; that on the evening of April 21, 1898, between sunset and dark, she, in company with another lady and her granddaughter, were on their way to her daughter's home, who resided in the south part of town, and while walking on the west side of Peters avenue on the sidewalk her companion, Miss Rogers, stepped on a loose board and caused it to fly up, which threw Mrs. Teel on her face, and resulted in the breaking of both of her arms; that she had passed over the sidewalk every few days in going and returning from her daughter's home; that she had observed the sidewalk to be in a poor condition, but had no notice or knowledge that the board was loose where the accident occured. The plaintiff in answer to the question: "What rate of speed were you going," answered, "A usual walk." And again to the question, "What care, if any, were you taking in walk-

ing?" she answered, "The usual care; I was always careful to notice holes; of course this one board I did not know anything about that when I stepped." The evidence tended to show that the sidewalk where the injury occured was in an unsafe and defective condition for public travel at the time of the accident and for several weeks prior thereto; that the stringers under the boards of the sidewalk at and near the point where the plaintiff sustained the injuries had become decayed and rotten; that the walk had been repaired several times, but that the stringers were in such a rotten and decayed condition that they would not hold the nails, and consequently, the boards from time to time became loose, and that such was the condition of the walk for some time prior to the accident; that the town trustees or council had instructed the city marshal in conjunction with the street commissioner to look after the condition of the sidewalks, and to notify the property owners to build new walks or repair the same; that the city marshal, a short time before the accident occured, notified the occupant of the property where the accident occurred to repair the sidewalk in front of said lot. There was no evidence offered by the defendant.

We think that the evidence in this case is sufficient to warrant the jury in finding that the sidewalk where the accident occurred was in a defective and unsafe condition for public use in the ordinary and usual modes of travel; that the unsafe condition of the sidewalk had existed a sufficient length of time that the town authorities were bound to take notice or knowledge of the unsafe condition of the walk, and that it had sufficient time to repair the walk had it exercised reasonable care and diligence. And

we further think that the jury was warranted in finding from the evidence that the town authorities had actual notice of the defective condition of the walk, and that the plaintiff was in the exercise of ordinary care at the time she fell and sustained the injuries complaied of. But, it is the settled law of this court that unless the court committed error in admitting incompetent evidence prejudicial to the defendant, or that it erred in its instructions to the jury, the verdict will not be disturbed where the evidence reasonably sustains it. A municipal corporation is bound by law to use ordinary care and diligence to keeps its streets and sidewalks in a reasonably safe condition for public use in the ordinary modes of traveling, and if it fails to do so it is liable for injuries sustained by reason of such negligence, provided, however, that the party injured exercises ordinary care to avoid the injury. Ordinary care as applied to this class of cases means that degree of care and caution which might reasonably be expected from an ordinary prudent person under the circumstances surrounding the party at the time of the injury, and this is a question of fact for the jury to determine.

In the case of *City of Aurora v. Hillman,* 90 Ill. 61, the supreme court of Illinois, in passing upon this question, said:

"Where a party is injured by a defective sidewalk, caused by the stringers upon which the boards rested being decayed, so as not to hold nails, so that a loose board tipped when stepped upon by a companion walking with the person injured, and the proof showed that the stringers had been in this condition a long time before the accident, though it failed to show affirmatively the city knew of the particular board being loose at the time, it was held, that the city was

chargeable with notice of the unsafe condition of the walk, and was guilty of negligence in not having it repaired."

But, it is claimed by the plaintiff in error that the court erred in admitting the testimony of the witnesses, Downing and Pyles. We think that the testimony of these witnesses was competent for the purpose of tending to establish the fact that the town authorities had actual knowledge of the condition of the walk prior to the accident. Section 679 of the Statutes of 1893, in relation to cities, towns and villages, provides:

"The board of trustees shall superintend the grading, paying and improving of streets, and the building and repairing of sidewalks."

It will thus be seen that the board of trustees of the town of Norman have express authority to superintend the building and repairing of the sidewalks of the town. The witness, Pyles, testified that at the time of the accident and for some time prior thereto he was city clerk, and that the board of trustees instructed the town marshal to notify parties who had defective sidewalks to repair them or build new walks. And the evidence of the witness, Downing, shows that he had a conversation with the marshal, a few days before the accident, concerning the condition of the walk in front of the property where the accident occurred. But it is contended by plaintiff in error that this testimony was insufficient to charge the city with notice or knowledge of the defective condition of the walk. We think that in view of the testimony of the case that this was sufficient notice to charge the town with actual notice of the defective condition of the sidewalk. It is clear that notice to the board of trustees or any member thereof would constitute

actual notice to the municipality, and we think that the board of trustees, under the statute, has the undoubted power and authority to delegate the power to erect new sidewalks and repair defective sidewalks to any other officer for the town, or even may confer this power upon some person who is not an officer of the town. We perceive no reason why the town marshal should not be a proper person to notify property owners of the defective condition of sidewalks, and to report the condition of the same to the council or board of trustees. It is true that in the absence of any such express authority or direction it would be no part of the duty of the city marshal to look after the condition of the sidewalks of the city, and knowledge or notice to him would not be notice to the city council or board of trustees.

In the case of *Erie v. Phelps*, 42 Pac. 336, the supreme court of Kansas, in passing upon this question, said:

"Ordinarily, a notice to the city marshal of a city of the third class of a defect in a street would not be regarded as notice to the city, but where the city marshal is also acting as street commissioner, and is directed by the mayor to look after the streets, and keep them in good condition, an instruction that the notice to such officer was notice to the city cannot be regarded as prejudicial error."

In *Pool v. Mayor of the City of Jackson*, 23 S. W. 57, the supreme court of Tennessee, said:

"If there was a defect in the sidewalk, and some officer or agent of the defendant, whose duty it was to keep or see the streets were kept in repair, saw it, or some one informed either of them of its existence, such facts constituted actual notice to defendant of the condition of the walk."

We think, therefore that this testimony was compe-

tent, and the court properly refused to give instructions number three and six offered by the defendant to withdraw this testimony from the consideration of the jury. The sufficiency of notice to fasten liability upon a city for a defective sidewalk is a question of fact to be determined by a jury under all the circumstances surrounding the particular case. It is not essential that the corporation shall have actual notice. If the defective condition of the street or sidewalk has existed for such a period of time that by the exercise of ordinary care and diligence the city authorities could have repaired the defect and placed the street or sidewalk in a reasonable safe condition, and it fails to do so, then it is liable for any injuries that may be occasioned thereby, by reason of such negligence, provided the injuded party was in the exercise of ordinary care.

In the case of *City of Chicago v. Dalle,* 5 N. E. 578, the supreme court of Illinois, in discussing this subject, said:

"It is not essential to a recovery in a case of this character that the evidence should show actual notice to the city. It is the duty of a city to keep its streets and sidewalks in a reasonable safe condition for persons to travel upon, and when a sidewalk gets out of repair so that it is unsafe to travel upon, and so remains for a considerable time, notice of the defective condition of the walk will be presumed."

In *Sullivan v. City of Oshkosh,* 13 N. W. 468, the supreme court of Wisconsin held that a defect of three weeks' standing is sufficient to charge the municipal officers with constructive notice, and render the city liable.

In the case of *City of Logansport v. Justice,* 74, Ind. 378, it was held that notice to a councilman of a defect in a

street of the city is notice to the city, although the council-man is not at the time engaged in any official act.

In the case of *Rehberg v. City of New York,* 91 N. Y. 137, it was held that where the police are charged with the duty of removing nuisances from the streets, the knowledge by a policeman of a dangerous and unauthorized obstruction in the streets is notice to the city.

It is next claimed that the court erred in its charge to the jury. The instructions given by the court to the jury are as follows:

"1  The jury are instructed as a matter of law that any person traveling upon a sidewalk of a municipal town or city which is in constant use by the public, has a right when using the same with reasonable diligence and care, to presume and to act upon the presumption that it is reason-ably safe for ordinary travel throughout its entire width, and free from all dangerous holes, obstructions or other defects.

"2.  If the jury believes from the evidence that the plaintiff while passing along one of the sidewalks of the town of Norman was injured as alleged in her petition and that the injury would not have happened to her if the said sidewalk had been in reasonably good repair and safe con-dition, then the defendant is liable for such injury; pro-vided the jury believe from the evidence that the plaintiff at the time was exercising reasonable care and caution to avoid injury while passing over said walk, and that said town did not use reasonable care to keep said sidewalk in safe condition, and provided that you further believe that said sidewalk had been out of repair and in such a dangerous condition for such a length of time prior to said accident that the authorities of the town of Norman by the exercise of reasonable care in the inspection of sidewalks would have known of such defects.

"3. If you believe from the evidence that the corporate authorities of the town of Norman did not exercise reasonable care and supervision over that portion of the sidewalk where the injury in question is alleged to have occurred, to keep it in good and safe condition, and by that means allowed it to become defective and unsafe, and if you further believe from the evidence that the plaintiff, in attempting to walk along that portion of the sidewalk, by reason of such defect was injured and has sustained damage thereby as charged in the petition, and that she was at the time exercising reasonable care and caution to avoid such injury, then the defendant is liable, and you should find for the plaintiff.

"4. If the jury believe from the evidence that the plaintiff while exercising reasonable care and caution to avoid injury was injured by reason of the defective construction or unsafe condition of the sidewalk in question, and if they further believe from the evidence that the authorities of the town of Norman knew of the defective condition of said sidewalk, or if in the exercise of reasonable care in the management, control and supervision of its streets and sidewalks the said authorities should have known of its condition; that is, if its unsafe condition had existed for so long a time prior to the accident that the town authorities in the exercise of proper care in inspecting sidewalks, would have known it in time to have repaired the same, then the town of Norman is liable, and your verdict should be for the plaintiff, and in determining her damage you have a right to take into consideration the pain and suffering caused by said injuries, the loss of time, necessitated thereby, the sums of money expended by the plaintiff in and about being cured of said injuries, and also, the permanency of said injuries, if any such is shown by the evidence, and you should allow her such damage as you believe will reasonably and fairly compensate her for the injuries sustained, not exceeding the amount named in the petition to-wit, three thousand and fifty dollars.

"5. The court instructs the jury as a matter of law that the town· of Norman is not required to have its sidewalks so constructed or kept in such a condition as to secure absolute immunity in using them, nor is it bound to employ the utmost care and exertion to that end. Its duty under the law, is only to see that its sidewalks are reasonably safe for persons exercising ordinary care and caution.

"6. The jury are·instructed that a municipal corporation is not liable for every accident that may occur from defects in its sidewalks or streets; its officers are not required to do every thing that human energy and ingenuity can possibly do to prevent the happening of accidents or injury to the citizens. If they have exercised a reasonable care in· that regard they have discharged their duty to the public. The town is not an insurer or warranter of the condition of its streets and sidewalks, nor is every defect therein actionable, though it may cause the injury sued for. It is sufficient to relieve the ·town from liability in this case if you find from the evidence that the sidewalk at the place of the accident was in a reasonably safe condition for travel at the time the accident is alleged to have occurred. If you believe from the evidence that at the place where the plaintiff met with the injury complained of the sidewalk was at the time in a reasonably safe condition, your verdict should be for the defendant.

"7. If the jury believe from the evidence that the place where the accident in question occurred was necessarily more dangerous than the ordinary sidewalks, and that by the exercise of ordinary care and prudence this condition of things could have been known to the plaintiff, or was known to her, then the plaintiff was required to use more than ordinary care and caution to avoid the accident, and if she failed to do so, and thereby contributed to the injury, she cannot recover in this suit.

"8. The jury are instructed that in this case the law puts the burden of proof upon the plaintiff; that is, she must

satisfy the jury by a preponderance of the evidence that she was injured and has sustained damage as charged in her petition, and that such injury was caused by the fault or negligence of the defendant, and if she has failed so to do she cannot recover in this case."

We think that these instructions by the court, except instruction number seven, which was given at the request of the defendant, fairly and correctly state the law as applied to the evidence in this case. Instruction number seven does not correctly state the law, but was more favorable to the defendant than it was entitled to, as applied to the evidence in this case. A party sustaining an injury from a defective street or sidewalk is only bound to exercise ordinary care and caution to avoid the injury, and is never required to exercise a higher degree of care, and what constitutes ordinary care and caution is a question for the jury to determine under the circumstances of the case.

In the case of *City of Bloomington v. Chamberlain,* 104 Ill. 268, that court, in discussing this same question, said:

"The degree of care which the law requires a plaintiff to exercise while passing over a sidewalk, to entitle him to recover for an injury received from its defective condition is ordinary care, under all the circumstances of the case. Knowledge of the condition of the sidewalk is one of the circumstances to be considered in determining whether the plaintiff exercised ordinary care. * * * *

"In an action against a city to recover for an injury caused by loose boards in the sidewalk, an instruction that the law requires the plaintiff to show that at the time she sustained the injury she was exercising ordinary care and caution, and that if by the exercise of such care and caution she would have avoided the danged, the verdict should be

for the defendants states the law sufficiently favorable for the defendant, and removes any just cause of complaint in refusing an instruction that if the plaintiff knew of the defective condition of the walk it was her duty to exercise a high degree of care while passing over it, and also another, that if she could have gone out into the street and around the defective walk, and her failure to do so showed a want of ordinary care on her part, the jury should find for the defendant."

And there was no error in refusing the other instructions offered by the defendant, since the law was properly embraced in the general instructions of the court.

And lastly it is claimed by the plaintiff in error that the court erred in overruling the amended motion for a new trial. There was no error in overruling this motion since no diligence whatever was shown to introduce this evidence, which was entirely in the possession of the defendant, during the trial of the cause.

Finding no error in the record prejudicial to the rights of the defendant, and believing that substantial justice has been done, the judgment of the district court of Cleveland county is affirmed.

Irwin, J., who presided in the court below, not sitting, all the other Justices concurring.