THE CITY OF GUTHRIE v. LYDIA FINCH.

(Filed January 12, 1904.)

1. PLEADINGS—Objection to. It is too late to object for the first time upon the trial of a cause to the insufficiency of a petition upon mere technical grounds, or any amendment or amendments thereto which have been fully answered and issues joined thereon.

2. AMENDMENTS. Where issues have been joined in an action against the city to recover damages resulting from a defective sidewalk, and an objection is made upon the trial of the cause to the introduction of evidence on the part of the plaintiff, on the ground that the petition did not show where the injury complained of occurred, and it appears from the petition that the action was

against the City of Guthrie, and charged that the accident occurred on North 5th street, between Warner and Mansur streets, without stating the name of the city, Held, that is was not error for the trial judge at the time of said objection, to permit plaintiff to add the words by way of amendment—"in the City of Guthrie, Logan County, O. T."

3. PLEADINGS—Sufficiency of. It is a sufficient allegation of facts if a petition sets forth such facts as are probative with reference to the issue sought to be established, and it is not necessary to set out such facts as are evidentiary, although on the trial of the case such evidentiary facts are necessary to be shown, to sustain the action. A petition which charges that the defendant, a city, negligently permitted a sidewalk to become broken and out of repair so as to be unsafe and dangerous, and which said sidewalk the city negligently permitted to remain in such unsafe and dangerous condition, and which petition is answered by a denial of the facts so stated, Held, that the necessary probative fact has been by such pleading put in issue, and it is not error upon the trial of such issue to permit the plaintiff to prove either that the defendant city had actual notice of such defective sidewalk, or that it had been out of repair for such length of time as to impute notice to the city.

4. INSTRUCTION. When upon the trial of a cause it is necessary to introduce in evidence proof of the existence of facts which are evidentiary, it is not error for the trial court to instruct the jury as to the effect the establishment of such fact has upon the rights of the parties.

5. NEGLIGENCE. It is not necessarily negligence for a person to pass over a defective sidewalk merely because it is defective, and the party knew of its defective condition.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*James Hepburn* and *Lawrence & Huston,* for plaintiff in error.

*Thomas S. Jones* and *Cotteral & Hornor,* for defendant in error.

### STATEMENT OF FACTS.

This action was brought in the court below by the defendant in error, Lydia Finch, against the city of Guthrie

to recover damages for alleged personal injuries sustained by her, caused by a fall on a sidewalk which she alleged was defective.

At the time of the accident complained of the plaintiff was living on North Fifth street in the city of Guthrie, and on the evening of January 2nd, 1901, she, with her husband and sister-in-law were passing over the walk in question between Warner and Mansur streets, to make an evening call at the home of her father-in-law, distant a little over two blocks from her own home.

At this time she had been married a little over one year and was pregnant, about five months advanced.

She had been living where she then did on the corner of Mansur and Fifth street for a period of about four months, and had frequently passed over the walk on which she was then walking, and knew the walk was out of repair, but testified that she did not know it was dangerous to pass over.

In passing over the walk on this occasion, plaintiff tripped on a loose board and fell forward on her hands and knees, the fall wrenching her back severely, from which she became immediately sick and in great pains which continued until her delivery three or four days later, its result of broken health and inability to perform any labor continuing even to the time of trial, more than a year after her injury.

The evidence shows the walk in question to have been greatly out of repair, having been in use six or seven years or more without any repairs being made; that the stringers were decayed, the boards rotted and broken, and many of them loose from the stringers, and some gone entirely.

And this condition of the walk was personally known to some of the city officials, for a considerable time before the accident.

The case was tried to a jury which returned a verdict in favor of the plaintiff for $2,500, which being deemed by court excessive, the sum of $500 was by the plaintiff remitted, and judgment was entered for the balance, to-wit, $2,000.

And from this judgment and the order of the court over-ruling a motion for a new trial, the cause is brought to this court on error.

Opinion of the court by

GILLETTE, J.: Seven assignments of error are made by the plaintiff, but we think they may all be discussed under two heads.

First. The sufficiency of the petition is questioned. It is sufficient to say as to this, that the defendant answered both the original and amended petitions, and proceeded to trial without making objection thereto by way of motion or de-murrer, except to ask for a physical examination by compe-tent physicians of the person of the plaintiff, for the purpose of discovering and determining the extent of her injuries.

It is too late upon the trial of a cause, to then complain for the first time of any mere technical insufficiency in the allegation of the petition, or amendment thereto, when the same have been fully answered and issues joined thereby, and no further time or application for continuance has been asked for.

It is further contended that the petition was defective in not alleging that the defective condition of the sidewalk where the injury occurred had, prior to the accident, been made

known to any of the city officials, or had been in a broken, dilapidated or dangerous condition for such a length of time as would reasonably impart notice to the city authorities.

The fourth clause of the petition states:

"That on the said 2nd day of January the plaintiff was lawfully walking along the said sidewalk, at the place above set out and described, at which place the defendant corporation had negligently permitted the planks of which said sidewalk was constructed, to become broken and unfastened from their lateral support, and to become unsafe and dangerous for passage of persons using said sidewalk, and which sidewalk the defendant corporation negligently allowed to remain in such dangerous and unsafe condition."

To this clause of the petition defendant answered:

"That on the 2nd day of January, defendant did not negligently allow the sidewalk on North Fifth street between Warner and Mansur streets to become out of repair and unsafe, but that defendant on said date, and at all other times maintained said sidewalk in a safe condition, etc."

There was thus a square issue presented as to the condition of the sidewalk in question. This was one of the ultimate probative facts to be determined.

Objection is also made to the action of the trial court in permitting the plaintiff, on the trial of said cause to amend the petition by interlining after the allegation, "That on the 2nd day of January, the defendant negligently allowed the sidewalk on North Fifth street between Warner and Mansur streets" the words, "in said city of Guthrie, Logan county, O. T."

Defendant objected to the introduction of evidence on the part of plaintiff, on the ground that the petition did not

show where the injury complained of occurred, and in answer to this objection the trial court permitted the plaintiff to make this amendment. It was certainly within the discretion of the court, and clearly in furtherance of justice.

The plaintiff in error complains that there was not a sufficient allegation to authorize proof in the trial of the cause, showing that the city had actual notice of said sidewalk's defective condition, or that it had remained out of repair for such a length of time as to impart notice.

It is a general rule that the liability of a city for damages occasioned by a defective sidewalk, arises only upon notice of such defect, either express or implied, and that proof of such notice must appear before such liability is established.

But it is necessary in pleading a liability for negligence after setting up that the injuries resulted "solely by reason of the negligence of the defendant corporation in allowing said sidewalk to remain in an unsafe condition," to plead farther the particular notice that the city had of the fact?

The issuable fact is here pleaded, to-wit: That the city negligently permitted the sidewalk to be and remain out of repair, and this fact could be established by proof that actual notice was carried home to the corporation, or that it had been permitted to remain in such condition for such a length of time as that notice of its condition would be presumed. Such notice would therefore be an evidentiary fact of the negligence.

The evidentiary fact that this condition of the walk was known to the defendant could have been established either by showing that actual notice of its condition had been given to the city officials, or by showing that it had been in a dilapi-

dated and dangerous condition for such length of time as would impart notice to the city officials.

Nothing is better established than that evidentiary facts do not need to be alleged in pleading, and while the plaintiff was called upon to bring home to the city authorities knowledge of the condition of the sidewalk, she was at liberty to do this in either of the ways above indicated, or by both, and the defendant was called upon to meet either or both these lines of evidence.

This question has been before the supreme court of the state of Kansas in numerous cases. First in the case of *Topeka v. Tuttle,* 5th Kansas, 313; where the court says:

"It seems to us that a petition that states with circumstantial particularity that the city of Topeka, an incorporated city of the second class, negligently left one of its streets out of repair, by reason whereof the plaintiff, without fault on his part, was injured, states facts sufficient to constitute a good cause of action."

Later, in the 16th Kansas, at page 381, *Jansen v. City of Atchison,* Justice Brewer, speaking for the court, cites this case of *Topeka v. Tuttle,* and there reaffirms the decision in that case, holding the petition sufficient; and numerous other Kansas cases are referred to.

We are of the opinion that where the issues are fully made up without challenging the sufficiency of the petition in this respect by motion, it is too late to raise the question by objection to the introduction of testimony, and therefore think the petition in this case sufficient to authorize the evidence introduced to show the liability of the city.

Complaint is also made that the eighth instruction given by the court to the jury was entirely wrong, not because it

did not correctly express the law, but because it was not founded upon any distinct averment of the pleadings.

Instruction no. 8 complained of is as follows:

"If you find from the evidence that the plaintiff did meet with the accident complained of, and that the sidewalk was out of repair and defective, but that the city authorities had no knowledge of such defective or dangerous condition, then she is not entitled to recover, but if you further find that such defective condition of the sidewalk had existed for such a length of time as that by the exercise of ordinary care and diligence the city would have known of the same, or that the sidewalk inspector, employed by the city, was actually informed of said defective condition prior to the time of the alleged accident, then it would be your duty to find that the city had notice of the defective condition of the sidewalk."

This instruction was based upon the evidence of nearly every witness who testified in the case, including those of the defendant city.

Holding as we do that the petition was sufficient to authorize the proof introduced, and as the instruction correctly states the law applicable to the facts, shown by the testimony, there was no error in giving this instruction.

The second ground of complaint relied upon by plaintiff in error raises the question of contributory negligence, and the facts upon which this claim is based are that the plaintiff had passed over the walk many times during the three months preceding her injury, and knew that it was out of repair; and these facts appearing from the testimony of the plaintiff, it is contended the court should have determined the question of contributory negligence, and taken the case from the jury. Many cases are cited by counsel upon this

proposition, but we do not think any of them will support the claim made for them, when applied to the facts in this case.

That the plaintiff was injured and that the injury resulted from a defective sidewalk, is unquestioned. In the case of *Maultby v. City of Leavenworth,* 28th Kansas, 532, Justice Brewer after stating the facts in a case very similar to the one before us, says:

"And upon this we remark, in the first place that the mere fact that the plaintiff knew the sidewalk was defective did not prevent him from using it. The logic of a converse proposition would be this: That if all the sidewalks in a city are defective, and all the citizens are aware of it, no one could use a sidewalk except at his own peril. The city would then absolve itself from all liability by making known its own omission of duty. This is not the law. A city must discharge its duty of making its streets and sidewalks reasonably safe for public travel; and it does not release itself from liabilities to a traveler injured thereon, by mere proof that such traveler knew the condition of the street or sidewalk."

In a note to the same case it is said:

"A municipal corporation which has charge of the streets and sidewalks, and power to compel repairs to the same, is bound to keep them in good repair and safe condition, and is liable in damages to any person who, without fault or negligence, is injured by reason of such defects in same when the authorities of the city knew or had notice actual or constructive, of the existence of such defect," citing a long list of authorities.

In *Munger v. City of Marshalltown,* 13 N. W. 642, it is held:.

"A city is required to repair its sidewalks, whatever may have been the cause of an injury thereto." "If a party has

knowledge that a sidewalk is out of repair he is still entitled to recover for an injury sustained by reason of such want of repair, if he exercised proper care while walking thereon."

Without citing endless authorities, it is sufficient to say, that negligence is now so universally regarded as a question of fact for the jury, that it is only when its presence or absence is so clearly established, that no reasonable person could be left in doubt, that a court would be justified in taking it from the consideration of the jury.

In this case no circumstance or act of negligence on the part of the defendant in error is shown or claimed, beyond the mere fact of passing over a defective sidewalk in the night time with knowledge of its defective condition.

Neither upon reason or authority can this be held to be contributory negligence.

If a sidewalk is desirable at any time it is more needed in the night time than in the light of day.

Negligence in walking upon a defective sidewalk consists of a careless and negligent manner of so walking, having no proper regard for the condition of the walk, and does not consist of the mere fact of "walking thereon."

Special question no. 2 submitted to the jury, as follows: "Was the plaintiff familiar with the sidewalk and its general condition at the time of the alleged injury?" was answered by the jury in the affirmative.

Counsel for the city argues that this answer should control the verdict in favor of the city. This could not be held, under the authorities above cited unless such walking upon the sidewalk was such contributory negligence as to bar the right of recovery. We cannot assent to this proposition. Be-

side the jury have found in answer to special question no. 4 that the plaintiff at the time of the alleged injury did not know that the sidewalk was in a dangerous condition. There was, therefore, no error in the court's refusal to render judgment for the defendant upon the special findings of fact.

The record in this case presenting no reversible error, the judgment of the court below must be affirmed with costs.

Burford, C. J., who presided in the court below not sitting; all the other Justices concurring.