## TOWN OF SALLISAW v. RITTER.

No. 3766. Opinion Filed July 28, 1914.

(142 Pac. 391.)

1. BRIDGES—Defects—Liability for Damages. It is the general rule that the liability of a city for damages occasioned by a defective bridge arises only upon notice of such defective condition, either actual or implied, and that proof of such notice must appear before such liability is established.

2. SAME—Action for Damages—Petition—Notice. A petition that states with particularity that a municipal corporation had negligently permitted one of its bridges on a public street to remain out of repair, and that by reason of the defective condition, the facts of which are detailed, an animal was injured while being driven over the bridge with care and without negligence upon the part of the driver, states facts sufficient to constitute a cause of action, without stating in terms that the city had knowledge of the defects either actual or implied; and proof of notice or of facts that will impute notice may be made thereunder.

3. MUNICIPAL CORPORATIONS—Filing of Claim—Necessity. The fact that a claim for unliquidated damages arising out of a tort is not made out, itemized, verified, and filed for allowance or rejection with the proper municipal officers does not prevent a suit being maintained thereon; in such case the plaintiff is penalized to the extent that he cannot recover costs.

(Syllabus by Brewer, C.)

*Error from County Court, Sequoyah County;*
*W. N. Littlejohn, Judge.*

Action by George W. Ritter against the Town of Sallisaw, a corporation. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

*Curtis & Pitchford,* for plaintiff in error.

*R. E. Jackson,* for defendant in error.

Opinion by BREWER, C.   This action was originally commenced in a justice of the peace court, to recover damages for the loss of a mule, alleged to have been occasioned by a defective bridge in the town of Sallisaw.   A demurrer was sustained to the petition in the justice of the peace court, and an appeal was taken therefrom to the county court of Sequoyah county, where the petition was held sufficient to state a cause of action.

The petition, after alleging the defendant's corporate character, the location of the bridge in the town, the street upon which the bridge was located, that it was a public and generally traveled way, and the duty of said town to keep and maintain the same in a safe and proper condition for public travel, further alleged:

"Defendant negligently permitted said bridge to be and remain in a dangerous condition for such travel in that a certain plank or planks became defective near the middle of its passageway, causing a hole to form through the timbers, and nails to project through said timbers about said hole in such a way as to be dangerous and unsafe to animals passing over same."

The petition then proceeds to relate that while plaintiff's mules and wagon were being carefully driven over said bridge, without any notice or warning of danger, one of the mules caught his foot in the hole in the bridge and was hung up thereby, and the foot was penetrated by a nail in the timbers, which caused blood poison to form, and which finally caused the death of the mule, giving its value, and then avers:

"That said injuries were directly and approximately caused by the carelessness and negligence of defendants aforesaid by allowing said bridge to remain in said defective condition, and was without fault of plaintiff, and could not have been foreseen or apprehended under the circumstances."

The defendant answered by a general denial. The cause was tried to a jury, which found for the plaintiff in the sum of $151.50. The defendant presents in its appeal as grounds for a reversal: First. That the petition does not state a cause of action; that therefore it was error to overrule the demurrer and the objections of defendant to the introduction of any evidence under the petition. Second. Improper instruction given the jury, and the refusal to give instructions asked by defendant. Third. That the claim for damages was never filed and passed upon by the board of town trustees.

1. It is claimed that the petition does not state a cause of action in that it fails to allege in terms that the defendant had notice or knowledge, either actual or implied. On this point the contention of plaintiff in error cannot be sustained, for the reason that this identical question has been decided adversely to this contention by the Territorial Supreme Court in the case of *City of Guthrie v. Finch,* reported in 13 Okla. 496, 75 Pac. 288. The same point was made in that case, and a careful reading of the allegations of the petition involved there will show that the allegations were the same in substance as in this case. In that case it is said:

"The plaintiff in error complains that there was not a sufficient allegation to authorize proof in the trial of the cause, showing that the city had actual notice of said sidewalk's defective condition, or that it had remained out of repair for such a length of time as to impart notice. It is a general rule that the liability of a city for damages occasioned by a defective sidewalk arises only upon notice of such defect, either express or implied, and that proof of such notice must appear before such liability is established. But is it necessary in pleading a liability for negligence, after setting up that the injuries resulted 'solely by reason of the negligence of the defendant corporation in allowing said sidewalk to remain in an unsafe condition,' to plead further the particular notice that the city had of the fact? The issuable fact is here pleaded, to wit, that the city negligently permitted the sidewalk to be and remain out of repair, and this fact could be established by proof that actual notice was carried home to the corporation, or that it had been permitted to remain in such condition for such a length of time as that notice of its condition

would be presumed. Such notice would therefore be an evidentiary fact of the negligence."

And the decision in the Finch case, *supra*, finds its authority in the case of *Topeka v. Tuttle*, 5 Kan. 313, from which the following excerpt is quoted:

"It seems to us that a petition that states with circumstantial particularity that the city of Topeka, an incorporated city of the second class, negligently left one of its streets out of repair, by reason whereof the plaintiff, without fault on his part, was injured, states facts sufficient to constitute a good cause of action."

The Tuttle case was later followed in an opinion by Justice Brewer in *Jansen v. City of Atchison*, 16 Kan. 381, and has been later followed in other opinions of that court.

2. We have examined the instructions given by the court and believe they substantially state the law applicable to the facts of this case, and that they were fully as favorable to the defendant as it had a right, under the law, to expect. The court impressed upon the jury the fact that the defendant would not be liable unless it had knowledge of the defective condition of the bridge, either actual or constructive, and that knowledge would not be imputed unless it was shown that the defect had existed for such an unreasonable length of time that the town authorities, had they exercised their duties with ordinary care, would have known and been informed of the defect.

3. It is nowhere shown in the petition or the proof that any claim was ever filed with the town authorities for the damages sought to be recovered in this case. The filing of such a claim, for unliquidated damages arising out of a tort, is not a prerequisite to a recovery, but in such case the plaintiff is penalized to the extent that he cannot recover costs, under section 703, Comp. Laws 1909 (section 603, Rev. Laws 1910); and this precise point has had the attention of this court in *Inc. Town of Idabel v. Harrison, ante,* 141 Pac. 1110, wherein it is said:

"The fact that a claim for unliquidated damages arising out of a tort is not made out, itemized, verified, and filed for allowance or rejection with the proper municipal officers does not prevent a suit being maintained thereon; in such case the plaintiff is penalized to the extent that he cannot recover costs."

We have gone over the record carefully in this case and have read all the proof introduced, and we are satisfied: That there is evidence reasonably tending to show that there was a defect in this bridge. That it had existed for such a length of time as to impute notice to the authorities. That, while the team was being carefully driven over the bridge about 10:30 o'clock at night, one of the mules stepped into and caught his hind foot in this hole, and injured his foot, and that these injuries caused his death, and that he was of the reasonable value of $150, the amount of damages allowed by the jury, in all probability, as there was proof that at least $1.50 had been expended for medicine.

This brings us to hold that the case should be affirmed as to the damages awarded, but that the judgment be so modified as to prevent the recovery by plaintiff of any costs in the trial court. The appeal here, however, not being sustained, and no request having been made in the trial court to refuse plaintiff costs, the cost of appeal should be taken against appellant.

By the Court: It is so ordered.