# CITY OF WOODWARD v. BOWDER.

No. 3969.   Opinion Filed May 18, 1916.

(149 Pac. 138.)

1. MUNICIPAL CORPORATIONS—Sidewalks—Care Required. A municipal corporation must exercise ordinary care to know the condition of its sidewalks in respect to their safety for ordinary proper use and to keep them in a reasonably safe condition for such use.

2. MUNICIPAL CORPORATIONS—Sidewalks—Care Required. A municipal corporation, with actual or constructive knowledge that its sidewalk is not reasonably safe for ordinary proper use, is in duty bound to exercise ordinary care to make the same reasonably safe within a reasonable time, and, in the meantime, if reasonably necessary to constitute ordinary care, to use barriers or warning signals, or both, to prevent injury from their ordinary proper use.

   (a) A breach of such duty proximately resulting in injury to one in the ordinary proper use of the sidewalk is actionable negligence.

3. MUNICIPAL CORPORATIONS—Defective Sidewalk—Notice—Liability for Personal Injuries. Except when a sidewalk has been rendered unsafe by the direct act, order, or authority of the municipality, it is not liable for an unsafe condition of which it has no notice, actual or constructive.

4. MUNICIPAL CORPORATIONS—Negligence—Breach of Duty—Unsafe Sidewalk—notice—Petition. As against a general demurrer, the fact that a municipality had notice, actual or constructive, that its sidewalk was not in a reasonably safe condition, in respect to a dangerous cleft or cavity therein, is sufficiently alleged in a petition by necessary implication from an allegation therein that such municipality unlawfully and negligently suffered such sidewalk to be and remain in bad and

   unsafe repair, and wrongfully and negligently suffered such opening to be and remain open and unguarded in the nighttime, etc.

   (a) Actionable negligence arises only upon a breach of duty, and the duty itself in such case does not arise until the

municipality has had sufficient notice, actual or constructive, that the sidewalk is not reasonably safe.

5.    **MUNICIPAL CORPORATIONS—Negligence—Unsafe Sidewalk—Notice—Question for Jury.** The existence of the fact of actual notice, or of facts constructively equivalent as matter of law to actual notice, as well as the reasonable sufficiency of the measures taken to prevent injury from an unsafe condition of a sidewalk, are ordinarily question for the jury to determine.

6.    **MUNICIPAL CORPORATIONS—Unsafe Sidewalks—Notice—To Whom Given.** Notice that a sidewalk is not in a reasonably safe condition is required to some officer or agent of the city whose duty in some way relates to the care of its streets, to be binding upon the city.

(a) Notice to such officers as marshal or night watchman is not, ordinarily, notice to the city, unless they are authorized, as by the council or mayor, to observe and report or otherwise preventively act in respect to such condition or the danger therein.

7.    **TRIAL—Instructions—Burden of Proof.** The burden of proof, as it affects the duty of the jury in respect to its action upon either its mere non-belief or its positive disbelief of essential affirmative allegations of a plaintiff, put in issue by mere denial on the part of the defendant, never shifts from the former to the latter, but, to entitle plaintiff to prevail on such an issue, the evidence must preponderate in his favor after it is all in; and it is therefore prejudicial error to instruct the jury to the effect that, after plaintiff has adduced evidence establishing his case, the verdict must be for him unless the defendant adduces a preponderance of evidence against the same.
(Syllabus by Thacker, C.)

*Error from District Court, Woodward County;*

*James B. Cullison, Judge.*

Action by William O. Bowder against the City of Woodward, a municipal corporation, for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Chas. Swindall, Chas. R. Alexander* and *Chas. H. Woods,* for plaintiff in error.

*R. H. Nichols* and *William Petersen,* for defendant in error.

THACKER, C.  Plaintiff in error will be designated as defendant, and defendant in error as plaintiff, in accord with their respective titles in the trial court.  The essential facts, when not stated, will be understood from the propositions discussed and the conclusions thereon reached in this opinion.  The plaintiff recovered judgment for $15,000 for personal injuries.

A municipal corporation must exercise ordinary care to keep its sidewalks in reasonably safe condition for their ordinary proper use '(*Town of Norman v. Teel,* 12 Okla. 69, 69 Pac. 791; *City of Guthrie v. Finch,* 13 Okla. 496, 75 Pac. 288; *City of Stillwater v. Swisher,* 16 Okla. 585, 85 Pac. 1110; *City of Oklahoma City v. Reed,* 17 Okla. 518, 87 Pac. 645, 33 L. R. A. [N. S.] 1083; *City of Hugo v. Nance,* 39 Okla. 640, 135 Pac. 349; *Town of Sallisaw v. Ritter,* 42 Okla. 626, 142 Pac. 391) ; and this, of course, requires of it ordinary care to know the condition of the same in respect to their safety (4 Dillon, Municipal Corporations [5th Ed.] sec. 1718; *Sutton v. Snohomish,* 11 Wash. 24, 39 Pac. 273, 48 Am. St. Rep. 847; *City of Guthrie v. Finch, supra*).

When a municipal corporation has, or by the exercise of ordinary care would have had, actual knowledge that the sidewalk is not in a reasonably safe condition—that is, when it has actual or constructive knowledge thereof—it is in duty bound to exercise ordinary care (including action within a reasonable time, and when reasonably required, as to barriers or warning signals, or both, to prevent injury to rightful users in the meantime) to make the same reasonably safe.  A breach of duty in this respect proximately resulting in injury to one in the rightful use of the sidewalk, who is not shown to be guilty of contributory negligence, is actionable negligence.  See, besides the cases cited *supra,* the following authorities:  4 Dillon, Municipal Corporations (5th Ed.) secs. 1665, 1712, 1717-1719; 28 Cyc. 1358-1365; notes to *Elem v. Mt. Sterling,* 132 Ky. 657, 117 S. W. 250, 20 L. R. A. (N. S.) 512-769, particularly page 689.

That, except when the sidewalk has been rendered unsafe by the direct act, order, or authority of the municipal corporation, it is not liable for an unsafe condition of the same of which it has no notice, actual or constructive, will be seen from an examination of the foregoing authorities, particularly the following: *Town of Norman v. Teel, supra; City of Guthrie v. Finch, supra.* Also see *Town of Fairfax v. Giraud,* 35 Okla. 659, 131 Pac. 159.

The overruling of a general demurrer to the plaintiff's petition, asking damages for personal injuries alleged to have proximately resulted from an unsafe condition of defendant's sidewalk, is assigned as error by the defendant; it being contended that the following allegations in the petition do not charge it with actual or constructive notice, nor with any notice of the condition of the sidewalk:

"That said defendant, not regarding its duty in that behalf, * * * unlawfully and negligently suffered an opening * * * in said sidewalk, * * * and * * * wrongfully and negligently suffered said sidewalk to be and remain in bad and unsafe repair and condition by then and there wrongfully and negligently suffering said opening in said sidewalk to be and remain open ad unguarded in the nighttime * * * with no warning thereat. * * *"

As actionable negligence arises only upon a breach of duty, and the duty itself does not arise until the municipality has knowledge, actual or constructive, that the sidewalk is not reasonably safe, the foregoing allegations clearly and necessarily imply that the defendant had such notice, and the court did not err in overruling the demurrer. The case of *Town of Sallisaw v. Ritter, supra,* and the case of *City of Guthrie v. Finch, supra,* show that such an allegation is sufficient, as against a general demurrer, although the question did not arise upon a demurrer in the latter case.

As to whether the city had actual notice, or as to whether

there are facts constructively equivalent to notice, is ordinarily for the jury to determine. *Town of Norman v. Teel, supra.*

Notice of such unsafe condition must be through some officer or agent of the city, whose duty, in some way, relates to the care of its streets. 28 Cyc. 1397-1399; *Town of Norman v. Teel, supra; City of Savanna v. Trusty,* 98 Ill. App. 277. Notice of such officers as the city marshal or night watchman in respect to the unsafe condition of a sidewalk is not, ordinarily, notice to the city; but when such officer is authorized, as by the city council or mayor, to observe and report or otherwise preventively act in respect to such condition, or the danger therein, notice to him is sufficient. *Town of Norman v. Teel, supra; Willis v. City of St. Joseph,* 184 Mo. App. 428, 171 S. W. 27.

When any such officer is so authorized specifically in respect to the known danger of an excavation for a building in the course of construction alongside a sidewalk, or in respect to the erection and maintenance of a fence on the line between such excavation and the sidewalk, and such authorization contemplates his constant vigilance or frequent observation and report, or other constant or frequent preventative action, he should ordinarily be deemed to be similarly authorized in respect to an obvious danger that lies in a cleft or cavity in said sidewalk casually connected with such excavation, and which is about 3½ feet wide and extends from a depth of about 4 feet at the point of interstction with such excavation to a depth of about 3½ feet at a point on said sidewalk about 2 feet from said excavation and about 16 or 18 inches onto the paved portion of said sidewalk; and notice to such officer of such cleft or cavity in said sidewalk would ordinarily be notice to the city.

However, in view of the state of the question as presented by the brief and the conclusion we have reached upon a proposition next hereafter to be discussed, we will not critically consider the

question as to whether there was sufficient evidence of notice. actual or constructive, to take the case to the jury; but we will assume, without deciding, that there was.

· It may be well to incidentally state at this point that the parties engaged in constructing the building and who made the excavation alongside the sidewalk at the close of the day's work placed a keg in a part and a light board over another part of the cleft or cavity into which the plaintiff stepped and fell during the following night; but the board, at least, had in some unknown way been removed in the meantime, and, if the defendant had notice of the condition of the sidewalk, it appears that it would be for the jury to say whether this placing of the keg and board was a reasonable precaution against the danger of injury from such cleft or cavity. The defendant, it would seem, as between itself and users of the sidewalk, was primarily bound to use reasonable precaution against such danger, if it had notice; but, of course, a precautionary measure taken by the parties who placed the keg and board should be imputed to the defendant.

We come now to consider the assignment of error upon the following instruction given by the court to the jury:

"While you are instructed that the burden is upon the plaintiff to establish his case by a preponderance of the evidence, you are also instructed that if the plaintiff in the first instance established, by a preponderance of the evidence, negligence on the part of the defendant, then and in that event the burden shifts to the defendant, and it will be incumbent upon the defendant to disprove negligence on its part by a preponderance of the evidence, and if the defendant fails by such preponderance to disprove negligence on its part you should find for the plaintiff."

The petition was the ordinary petition for damages resulting from negligence in respect to the condition of defendant's sidewalk; and the answer consisted of a general and particular denials, and allegations having the effect of such denials, with allegations of contributory negligence. The issue being thus

made by the pleadings, the instruction appears to have been prejudicially erroneous.

The burden of proof, or, in other words, of going ahead with the evidence, to prevent an adverse ruling or action by the judge upon a question of law, as, for illustration, upon a demurrer, or motion, or in giving or refusing an adverse instruction involving the question of who has the burden, with its resultant effect upon the verdict of the jury in some instances, may often shift from one party to the other during the trial; but the burden of proof as it affects the duty of the jury in respect to its action upon the different possible states of its own belief as to essential affirmative allegations put in issue by mere denials, or, in other words, the risk of the jury's mere nonbelief, never shifts, but remains with the party who has it in the first instance; and in the event of the jury's nonbelief, even though it does not positively disbelieve the plaintiff's allegations, the verdict should be for the defendant. 4 Wigmore on Evidence, secs. 2485-2489; 2 Modern Law of Evidence (Chamberlayne) secs. 938-941; Jones on Evidence (2d Ed.) sec. 177; *Standard Marine Ins. Co. v. Traders' Compress Co.,* 148 Pac. 1019.

This instruction, in effect, erroneously requires the defendant to adduce a preponderating quantity of evidence to defeat any *prima facie* case that may be established by the evidence for the plaintiff, while under the law it was also entitled to a verdict upon adducing a quantity merely equal in effect upon the belief of the jury to that supporting such *prima facie* case, assuming that the effect of plaintiff's evidence made it necessary for the defendant to adduce any evidence to prevent an adverse verdict. In other words, if the plaintiff did adduce evidence sufficient to establish his right to recover, the defendant was not bound to adduce a sufficient quantity to outweigh and turn the scales against the plaintiff's evidence, but was entitled to prevail, even if it adduced only a sufficient quantity to weigh equally against

the same and thus balance the scales, as the plaintiff has the risk of loss in case of the jury's nonbelief, as well as in case of its positive disbelief, of his evidence.

After all the evidence is in, in respect to the issue as to defendant's negligence, that which makes or tends to make a case for the plaintiff is weighed against that which is to the contrary; and if, upon considering all the evidence, it fails to preponderate in favor of the plaintiff, the verdict should be for the defendant.

For the reasons stated, this case should be reversed and remanded for another trial.

By the Court: It is so ordered.