## CALES v. HARPOLE.

No. 16745—Opinion Filed July 27, 1926.

**Negligence—Elements—When a Question of Fact—Verdict Final—Automobile Collision.**

In an action for negligence based on speed of a truck at time of a collision the circumstances attending its operation at the time must be considered in determining the existence or nonexistence of primary negligence, and where the evidence of plaintiff is such that reasonable men might honestly differ as to the existence of negligence in the particular case, the determination thereof becomes a question of fact on which the verdict of a jury is conclusive in the absence of any errors of law in the instructions of the court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pawnee County; Edwin R. McNeill, Judge.

Action by Ben Harpole against J. O. Cales to recover damages to an automobile. Judgment for plaintiff, and defendant brings error. Affirmed.

This action was commenced May 22, 1924, by plaintiff filing his petition in the district court of Pawnee county, wherein it was alleged, in substance, that on or about December 17, 1923, the defendant, J. O.

Cales, acting through his agent, Leonard Hines, while driving and operating a certain motor truck used to transport and deliver oil, gasoline, and other products, and while said truck was being driven on the public highway about three miles west of Blackburn in Pawnee county, at a high, excessive, reckless, and unusual rate of speed in violation of the automotive laws of this state, carelessly and negligently struck the Buick roadster of this plaintiff, tearing the left side off of said car and leaving same wrecked and practically worthless; that said Buick roadster was a new car in good condition and repair; that plaintiff gave all of the road to said truck, and that if said defendant's agent had not been driving said truck at a high and unusual rate of speed and in a careless, negligent, and reckless manner said truck could have easily passed said plaintiff's car or slowed down or stopped, thereby preventing the damage to said car; that to repair and put said car in good condition after said injury cost this plaintiff the sum of $174.27, and that he was deprived of the use of said car for a period of 85 days, which said use was of the value of $5 per day, or a total damage. by reason of the loss of use thereof, in the sum of $425; plaintiff therefore prayed judgment in the sum of $599.27.

Defendant answered by general denial and by a special plea of contributory negligence.

Upon the issues thus framed the case was tried to the court and jury, resulting in a verdict in favor of plaintiff for the sum of $322.77, and judgment was rendered accordingly. After unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review.

McCollum & McCollum, for plaintiff in error.

Prentiss E. Rowe, for defendant in error.

Opinion by LOGSDON, C. Numerous errors are alleged in the petition in error, but in his brief defendant presents his argument for reversal under two propositions as follows:

"First. That there is no evidence showing negligence on the part of the defendant.

"Second. That, if the defendant was negligent, there is no causal connection between the negligence and injury complained of."

As both of these propositions raise the question of the sufficiency of plaintiff's evidence to authorize a submission of the case to the jury upon the question of primary negligence, both will be considered together,

and such consideration involves a statement of the substance of plaintiff's evidence.

Ben Harpole and O. C. Robertson were together in Harpole's car at the time of the accident, and their testimony is substantially the same upon the issue of primary negligence. They both say, in substance:

That when plaintiff drove off the east end of the bridge the truck was about 100 to 125 yards east of the bridge; that it was coming down a slight incline or grade: that plaintiff drove to the right of the road and stopped his car about 15 or 20 feet from the bridge for the truck to pass; that there was a ditch on each side of the road at this point and that the roadway was wide enough for the truck to have passed safely if driven with care; that when plaintiff stopped his car the truck was approaching down the incline at a speed of 25 or 30 miles an hour, but that its speed was reduced to about 20 miles at the time of the collision; that the left front wheel of the truck struck the left front hub of the plaintiff's car, tearing away the left front fender, left running board, left rear fender, and badly injuring the left rear wheel; that when the occupants of plaintiff's car got out of it on the right-hand side after the collision, it was standing so near the edge of the ditch, they had to step from the running board into the ditch.

Jim Snoddy and J. R. Bass visited the scene of the collision the same day, and their testimony goes merely to the condition and width of the road at and adjacent to that point. Their testimony is substantially alike and its material features are these: That the roadway is about 16 feet wide at this point with a ditch on each side; that the ditch on the south (plaintiff's) side of the road is four or five feet deep and on the north side 18 to 24 inches deep; that the road from the bridge toward the east is flat for approximately 100 yards and then there is a four or five per cent. grade up a hill; that they examined the tracks left by plaintiff's car and these showed that the car was stopped within six or eight inches of the bank of the ditch on the south side; that if the truck had stayed in the ruts on the north side of the roadway it would have passed plaintiff's car without striking it.

This is a fair summary of plaintiff's evidence in support of the allegations of primary negligence set out in his petition. There was some evidence as to the bad condition of the brakes on the truck and of admissions by defendant's agent in charge of the truck. None of this evidence was competent or material upon the issue of primary negligence made by the pleadings, and cannot be considered upon the question here under consideration.

Under the law of this state there are three degrees of negligence, viz., slight, ordinary and gross. (Comp. Stat. 1921, sec. 3532.) These degrees are defined by section 3533, Id., thus:

"Slight negligence consists in the want of great care and diligence; ordinary negligence in the want of ordinary care and diligence; and gross negligence in the want of slight care and diligence."

It is manifest from this language that the existence or nonexistence of negligence in any given case must depend solely upon the facts and circumstances shown in that particular case in their application to the kind and degree of negligence alleged. Concretely considered, it is not clearly evident that a speed of 20 miles an hour, or even 15 miles an hour, under the circumstances here shown and in view of the results, did not constitute negligence. Where reasonable men may honestly draw different conclusions as to the existence of negligence from facts and circumstances in evidence in a case, its existence is a question of fact and not of law. Rock Island Coal Mining Co. v. Davis, 44 Okla. 412, 144 Pac. 600; City of Woodward v. Bowder, 46 Okla. 505, 149 Pac. 138; Taliaferro v. Atchison, T. & S. F. Ry. Co., 61 Okla. 27, 160 Pac. 69, Atchison, T. & S. F. Ry. Co. v. Bratcher, Adm'r, 99 Okla. 74, 225 Pac. 941.

The question of the legal sufficiency of plaintiff's evidence to establish primary negligence was not presented to the trial court by demurrer to plaintiff's evidence, and at the conclusion of all the evidence there was such a conflict as to remove all doubt that it was the province of the jury to determine the fact, and in doing so to pass upon the credibility of the witnesses, and the weight and value of their testimony. No exceptions were reserved to any of the court's instructions. Under these circumstances it must be held that the verdict of the jury is conclusive, and the judgment of the trial court based thereon is accordingly affirmed.

By the Court: It is so ordered.

Note.—See 29 Cyc. pp. 627, 659; 20 R. C. L. p. 168, et seq.; 3 R. C. L. Supp. p. 1041; 5 R. C. L. Supp. p.1085.