## CITY OF PICHER v. BARRETT.

No. 17230—Opinion Filed Oct. 5, 1926.

1. **Municipal Corporations—Duty to Maintain Sidewalks in Safe Condition.**

It is the duty of a municipal corporation to exercise ordinary care to maintain its sidewalks in a reasonably safe condition for ordinary use by the public as a way of passage.

2. **Same—Duty of Inspection.**

It is the duty of a municipal corporation to exercise ordinary care in the inspection of its sidewalks to ascertain that the same are in reasonably safe condition for use by the public.

3. **Same—Liability for Defects Arising After Sidewalks Put in Safe Condition —Notice.**

A municipal corporation is not liable for an injury resulting from an unsafe condition of its sidewalk, after the same has been put in reasonably safe condition, unless it had actual notice of the existing defect, or it had existed for such a period of time that it ought to have been known to the municipality through the exercise of ordinary care in the inspection of its sidewalks.

4. **Appeal and Error—Sufficiency of Evidence in Law Action.**

A judgment of the court based upon the verdict of a jury in a law action will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict.

5. **Municipal Corporations—Recovery for Injuries from Defective Sidewalk Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion. Division No. 4.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by Mary Barrett against the City of Picher for damages for personal injury. Judgment for the plaintiff, and defendant brings error. Affirmed.

A. Clark, F. W. Church, and N. C. Barry, for plaintiff in error.

Frank Nesbitt and Stephens & Dresia, for defendant in error.

Opinion by STEPHENSON, C. Mary Barrett commenced her action for damages against the city of Picher for a personal injury resulting while traveling over or near a sidewalk of the city. The trial of the cause resulted in judgment for the plaintiff. The defendant has perfected its appeal to this court, and submits several of the rulings of the trial court as error for reversal. The assignments of error submit the proposition that the judgment is contrary to law, and not supported by sufficient competent testimony; that the court committed error in instruction No. 11 to the jury.

Fred Vickery lived in the town of Picher on South Connell avenue for about three months before the accident occurred. The city had maintained a water meter box near the sidewalk or curbing for several years prior to the date of the injury. Mary Barrett and her husband came by automobile to visit the Vickerys on the 16th day of December. The plaintiff and one of the children went out to the automobile about 7:30 p. m. to secure some articles therefrom. The car was parked along by the curbing near the meter box. The plaintiff stepped into the open meter box, which resulted in personal injury to her. The plaintiff, for her cause of action, alleged that the city had permitted the meter box to be, and remain open, and in an unsafe condition for several months prior to the time of the accident. The evidence disclosed, on the part of the plaintiff, that the meter box was about 14 inches square and about 15 or 18 inches deep. The Vickerys testified that the box had remained uncovered and exposed during the greater portion of the time since they had occupied the residence. The witnesses testified that they had placed planks or blocks over the opening on several occasions, which were removed by children playing on and along the sidewalk and street. It appears that no particular covering had been provided by the city for the meter box. The city had caused the water meter to be read each month by one of its employees prior to the date of the accident.

The city is not liable for an injury resulting to one using its sidewalks on account of a defective condition of the same,

after it has put the sidewalk in safe condition for use by the public, unless it has actual or constructive notice of the existing defect. City of Woodward v. Bowder, 46 Okla. 505, 149 Pac. 138; Town of Norman v. Teel, 12 Okla. 69, 69 Pac. 791; City of Guthrie v. Finch, 13 Okla. 496, 75 Pac. 288.

Whether the municipal corporation had actual notice of the defective condition, or whether it had existed for a sufficient period of time for the municipal corporation to be advised of its existence by the exercise of ordinary care in the inspection of its sidewalks and streets, are questions of fact for the jury under proper instructions from the court.

It is the duty of the municipal corporation to exercise ordinary care to maintain its sidewalks and streets in a reasonably safe condition for ordinary use by the public. Town of Norman v. Teel, 12 Okla. 69, 69 Pac. 791; City of Guthrie v. Finch, supra; City of Stillwater v. Swisher, 16 Okla. 585, 85 Pac. 1110; Okla. City v. Reed, 17 Okla. 518, 87 Pac. 645; City of Hugo v. Nance, 39 Okla. 640, 135 Pac. 349; Town of Sallisaw v. Ritter, 42 Okla. 626, 142 Pac. 391; City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186; City of Sapulpa v. Deason, 81 Okla. 51, 196 Pac. 544; City of Woodward v. Bowder, 46 Okla. 505, 149 Pac. 138; Cleveland Trinidad Paving Co. v. Mitchell, 42 Okla. 49, 140 Pac. 416.

It is the duty of a municipal corporation to exercise ordinary care to ascertain whether its sidewalks and streets are in a safe condition for ordinary use by the public. City of Woodward v. Bowder, supra; Bellevue Gas & Oil Co. v. Carr, 61 Okla. 290, 161 Pac. 203; 4th Dillon Mun. Corp. (5th Ed.) section 1718; Sutton v. Snohomish, 11 Wash. 24, 39 Pac. 273; City of Guthrie v. Finch, supra.

The duty of a municipal corporation to maintain its sidewalks and streets in a reasonably safe condition for use by the public, and to exercise ordinary care in its inspection of its sidewalks for places of danger, is not confined with'n the exact lines followed by the public in passing over the sidewalks. It is the duty of the municipal corporation to protect the public in the use of its sidewalks from dangers near or within close proximity to the sidewalk. City of Miami v. Finley, 112 Okla. 97, 240 Pac. 317; De Long v. Okla. City, 47 Okla. 398, 148 Pac. 701; City of Oklahoma City v. Meyers, 4 Okla. 686, 46 Pac. 552; City of Lincoln v. Beckman, 23 Neb. 677; Langan

v. City of Atchison, 35 Kan. 318; Drew v. Town of Sutton, 55 Vt. 586, 45 Am. Rep. 644; Puffer v. Orange, 122 Mass. 389, 23 Am. Rep. 368.

We think the evidence in this case was sufficient to send the question of constructive notice of the defect in the sidewalk to the jury. The appellant complains of paragraph No. 11 of the court's instructions, because it contends that there was no evidence of the city receiving actual notice of the defect. What has been said heretofore disposes of this question adversely to the contention of the plaintiff in error. The appellant complains of instruction No. 11 on the ground that it assumed that the condition was dangerous, which it contends was a question for the jury to determine. This part of the instruction related to the question of constructive notice, and informed the jury that if the dangerous or unsafe condition had existed for such period of time as to make its presence known to the municipal corporation, through the exercise of ordinary care, the defendant would be liable to the plaintiff.

The dimensions of the meter box, that it was open on the night of the accident, and that plaintiff fell into the box, are matters about which there is no dispute between the parties. The court had previously instructed the jury that the burden was on the plaintiff to prove, by a preponderance of the evidence, her allegation of negligence. The court was merely instructing the jury as to the law applicable to the question of constructive notice, if the issue of fact were found in favor of the plaintiff as to the existence of the defect and its dangerous condition. We think the jury was not misled by the entire instructions, and that the issues were fairly submitted to the jury.

A judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal, if there is any competent evidence which reasonably tends to support the verdict. Young v. Eaton, 82 Okla. 166, 198 Pac. 857.

There is sufficient competent evidence to support the verdict and judgment in favor of the plaintiff.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 28 Cyc. pp. 1350, 1358, 1359; anno. 20 L. R. A. (N. S.) 591; 13 R. C. L. p. 398; 4 R. C. L. Supp. p. 814. (2) 28 Cyc. p. 1390; anno 20 L. R. A. (N. S.) 725; 13 R. C. L. p. 349; 3 R. C. L. p. 46. (3) 28 Cyc. p. 1384. (4) 4 C. J. p. 853,

§2834; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 441; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. p. 81. (5) 4 C. J. p. 1129, §3122.