R. E. L. WALKER, BY NEXT FRIEND, *v.* THE CITY OF VICKSBURG.

1. MUNICIPAL CORPORATION. *Streets. To be kept reasonably safe.*

The extent of the obligation of a city is to keep its streets reasonably safe for general use. It is not required to have them in such condition as to insure the safety of reckless drivers.

2. SAME. *Fireman. Driving to fire. Contributory negligence.*

One acting as a fireman; though driving a hose-reel to a fire, is guilty of contributory negligence, and cannot recover for a personal injury, if he fails to exercise ordinary care and prudence to avoid hurt.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

Plaintiff, a minor nineteen years old, though not in the employ of the city of Vicksburg, had sometimes driven the hose-reel of the fire department to fires. He was at an engine-house when an alarm of fire, in a distant part of the city, was given. The employe in charge of the engine-house and apparatus being absent, he consented to drive the hose-reel, drawn by a spirited horse, to the fire, and was cautioned to drive carefully. Proceeding in the direct course towards

the fire, he drove westwardly down Jackson street on the left of the street-car track. Just before reaching Cherry street, where he wished to turn south at right-angles, he observed an iron post standing near the corner, about twelve feet from the track, and, believing that he would not have room to pass between this post and the track, which curved southwardly into Cherry street, he attempted to cross the track, intending to go round on the north and west side of it. The track was elevated several inches above the surface of the street, and, as he attempted to turn, the wheels slipped along the iron and ran into a hole by the track, and the vehicle was overturned, causing severe injuries to plaintiff, for which he brought this suit. Defendant pleaded the general issue and contributory negligence. On the first trial plaintiff obtained a verdict for $1,500. On motion of defendant, the court granted a new trial, which resulted in a peremptory instruction for defendant. Verdict and judgment accordingly. Plaintiff appeals.

On behalf of plaintiff, the evidence tended to show that the hole by the street-car track was a deep one, and that the bad condition of the street at that point had been known to the city authorities for several months prior to the accident. Plaintiff testified that he was not driving rapidly, and that he did not know of the hole in the street. It was shown that the street-car track was high, and that it had since been torn up by the city as a nuisance. On behalf of defendant, there was testimony to show that plaintiff was driving rapidly; that vehicles could easily pass between the post and the street-car track; that the hose-reel was overturned in the attempt to cross the track, and that the exercise of ordinary care would have prevented the injury. The accident occurred in the day-time.

*Gibson & Henry*, for appellant.

The evidence abundantly establishes the negligence of defendant. The street, already obstructed by the post and the

railroad-track, was permitted to remain for a year out of repair. But for the hole and the elevated track, the accident would not have occurred. Plaintiff took the risk of defects in the apparatus with which he worked, but he had the right to rely upon the streets being in good condition. *Coots* v. v. *Detroit* (Mich.), 43 N. W. Rep., 17; *Galveston* v. *Hemmis*, 72 Texas, 558; *Welter* v. *St. Paul*, 40 Minn., 460; 10 Am. St. R., 35; 117 Ind., 126; 2 Dill. on Mun. Cor., pp. 1007–1036; 2 Thomp. on Neg., p. 1242, § 17.

A fireman is not held to the same degree of diligence as an ordinary traveler. He must drive rapidly to reach the fire promptly, and cannot be on a careful lookout for defects in the street.

*Booth & Anderson*, for appellee.

1. The fire department of a city is one of the agencies created by the government for the public good. No revenue is derived from it, and the city is not liable for injury suffered by those in the department from the neglect of any public body or agency. 1 Sher. & Redf. on Neg., § 265; *Wild* v. *Paterson*, 47 N. J. L., 406; 1 Allen (Mass.), 417; 104 Mass., 87; 6 Mo. App., 320; *Coots* v. *Detroit*, 43 N. W. Rep., 17.

2. The case bristles with contributory negligence. The injury was caused by plaintiff's own fault, and he cannot recover. *Oil Works* v. *Black*, 70 Miss., 8.

Campbell, C. J., delivered the opinion of the court.

Assuming the law to be that Walker did not sustain such relation to the city, by reason of his employment as a fireman, as to preclude him from recovering for an injury sustained because of a defect in the street under circumstances which would entitle any traveler to recover, it appears too plain for dispute that his injury resulted from want of due care on his part, and that on this ground he should not be allowed to recover. The extent of the obligation of the city

is to keep the streets in a condition reasonably safe for general use, and it is not required to have them so as to insure the safety of a reckless driver, whether a fireman or another. According to the testimony of Mr. Gibson for the plaintiff, "a person driving prudently and with ordinary care could have passed the place without accident." A fireman is not exempt from the duty to exercise ordinary care and prudence in driving to a fire.

*Affirmed.*