### PROCTOR v. CAPPS.

No. 8447—Opinion Filed Dec. 11, 1917.

(169 Pac. 894.)

(Syllabus.)

1. **Forcible Entry and Detainer—Right of Action—Possession.**

The right to maintain an action of forcible entry and detainer is not determined by plaintiff's right of possession, but by whether he has been in possession, and such possession has been taken from him by force.

2. **Appeal and Error — Question of Fact—Verdict.**

Where the evidence is conflicting, the verdict of the jury will not be disturbed, if there is any evidence reasonably tending to support the same.

Error from County Court, Cotton County; J. C. Norman, Judge.

Forcible entry and detainer by T. W. Capps against E. M. Proctor. Judgment for defendant in justice's court, and from a judgment for plaintiff on a trial to a jury in the county court, defendant brings error. Affirmed.

Austin Akin and I. K. Revelle, for plaintiff in error.

D. B. Madden, for defendant in error.

TURNER, J. On October 14, 1915, T. W. Capps sued E. M. Proctor in Cotton county, before a justice of the peace, in forcible entry and detainer. He alleged that on March 16, 1915, he was in rightful and exclusive possession of a certain quarter section of land in that county, and that while so possessed defendant wrongfully, unlawfully, and forcibly broke and entered thereupon and took from laintiff a certain 139 acres thereof. He prayed for possession and for damages. After a plea of not guilty, there was trial and judgment for defendant, and on trial anew to a jury in the county court in favor of plaintiff, and defendant brings the case here.

The record discloses that on March 10, 1909, one Brown made homestead entry on the quarter section aforesaid pursuant to act of June 5, 1906, and paid the first installment due thereon, but thereafter moved off the land and failed to make further payments as required by law. In 1912 plaintiff purchased the growing crop and improvements thereon of one Bush, who had, after Brown had left the land, without right, taken possession, whereupon plaintiff moved upon the land and farmed it and continued to hold possession up to March 16, 1915. Pending plaintiff's possession—that is, on September 28, 1914—defendant filed a contest against the entry of Brown, charging failure of residence and abandonment by him of the land, and thereafter, on February 10, 1915, the entry was canceled, the case closed, and Brown duly notified. On March 16, 1915, defendant believing, as he says, that he had won the contest, the evidence reasonably tends to prove, forcibly entered and took possession of the 139 acres in controversy, and has been in possession thereof ever since. On April 27, 1915, the cancellation of the entry of Brown was revoked, the original entryman was reinstated, the contest of defendant dismissed, and he was duly notified, and also of his right of appeal.

The judgment of the trial court was correct. Plaintiff, being in possession on March 16, 1915, such possession could not be taken from him by force. In Brown et al. v. Mayhall, 63 Okla. 268, 164 Pac. 973, we said:

"The right to maintain the action is not determined by plaintiff's right of possession, but by whether he has been in possession, and such possession has been taken from him by force. * * * "

Affirmed.

All the Justices concur.