## CITY OF DUNCAN v. BROWN.

No. 8731—Opinion Filed April 9, 1918.

(172 Pac. 79)

1. **Municipal Corporations — Sidewalks— Personal Injury—Negligence.**

A sidewalk of one of the principal streets of a city, constructed upon request of its mayor by the adjoining property owner, was so constructed that it was six inches lower than the connecting sidewalk, and the city for more than a year had notice of the condition of said sidewalk. An action was brought to recover damages for alleged personal injuries resulting from said condition of the sidewalk. Held, that the said construction of said sidewalk and the failure of the city to correct the same upon notice was actionable negligence, and the city was liable for personal injuries resulting from the condition of said sidewalk.

2. **Appeal and Error — Review — Instructions.**

To have reviewed by this court instructions given or refused, it is mandatory that such instructions, to which exceptions have been taken, be set out in totidem verbis in brief. Following E. Van Winkle Gin & Machine Works v. Brooks, 53 Okla. 411, 156 Pac. 1152.

3. **Appeal and Error—Question of Fact— Verdict.**

Where the evidence in an action at law is in conflict, if there is sufficient competent evidence to reasonably sustain the verdict rendered, this court will not disturb the verdict.

(Syllabus by Collier, C.)

Error from District Court, Stephens County: Cham Jones, Judge.

Action by Nellie B. Brown against the City of Duncan, Okla. Judgment for plaintiff, and defendant brings error. Affirmed,

and judgment rendered against the United States Fidelity & Guaranty Company, the surety on the supersedeas bond.

E. H. Bond, J. M. Sandlin, and Chas. L. Moore, for plaintiff in error.

J. B. Wilkinson, for defendant in error.

Opinion by COLLIER, C. This is an action brought by the defendant in error against the plaintiff in error to recover damages for personal injury alleged to have resulted to her by reason of negligence on the part of the city in maintaining a defective sidewalk. Hereinafter the parties will be designated as they were in the trial court. The undenied evidence in the case is that the plaintiff, about 7 o'clock at night, was on her way along one of the principal streets of the defendant to a picture show; that the said street was lighted, and in addition to the lights of the city there was also light from the picture show near which the injury complained of was received; that the sidewalk was not constructed by the city, but was constructed upon request of the mayor of the city by one of the adjacent property owners; that the said sidewalk was constructed so that the same was not even, said sidewalk being six inches lower than the adjoining parts of said sidewalk, and that said condition of the sidewalk existed for more than a year prior to the happening of the alleged injury to plaintiff. The evidence was in conflict as to whether or not the plaintiff received any injury by reason of falling at said place by a part of the pavement being lower than the other part thereof, and whether or not the fall was due to the character of shoes the plaintiff wore, and as to whether the plaintiff previous to being injured knew of the condition of said sidewalk. The defendant demurred to the petition, which demurrer was overruled and exceptions saved. Thereupon the defendant answered, denying liability. Upon the conclusion of the evidence the defendant demurred thereto, which demurrer was overruled and excepted to. Exceptions were saved to instructions given by the court, and to the refusal of the court to give requested instructions, but not any of said instructions given, or instructions refused, are at all set out in defendant's brief. The jury returned a verdict for the plaintiff in the sum of $300, to which the defendant duly excepted, and timely moved for a new trial, which was overruled, excepted to, and error brought to this court.

The assignments of error are as follows:

"(1) Said court erred in overruling the motion of plaintiff in error for a new trial, which ruling was duly excepted to by plaintiff in error, at the time.

"(2) Said court erred in overruling the demurrer to the petition, which ruling was duly excepted to.

"(3) Said court erred in not rendering judgment for the plaintiff in error on the pleadings.

"(4) Said court erred in giving the following instructions to the jury, to wit: Instructions numbered 4, 5, 6, and 7, set out in the case-made at pages 80 to 82, both inclusive, which instructions were duly excepted to by the plaintiff in error at the time.

"(5) Said court erred in refusing to give the following instructions to the jury, asked for by the plaintiff in error, to wit: Requested instructions, numbered from 1 to 8, both inclusive, set out in the case-made at pages 76 to 78, both inclusive; said refusal being excepted to by the plaintiff in error at the time.

"(6) Said court erred in admitting illegal and incompetent evidence on the part of the defendant in error, the same having been objected to by plaintiff in error, and an exception saved to the ruling of the court thereon.

"(7) Said court erred in refusing and ruling out competent and legal evidence on the part of the plaintiff in error, which action of the court was duly excepted to at the time."

The overruling of the demurrer to the evidence is not assigned as error.

The record does not disclose that the defendant made a motion for judgment on the pleadings, and the refusal of the trial court to render such judgment is not referred to in defendant's brief, and therefore such alleged error is abandoned.

The demurrer to the amended petition is not argued in the brief, or any defects in the petition to which the demurrer is addressed pointed out; hence the assignment as to the demurrer to the petition must be regarded as abandoned.

It is not set out in the brief, the evidence complained of, and the ground upon which objection to such evidence was predicated, therefore this court will not consider said assignments sixth and seventh.

"In order to have reviewed by this court the action of the trial court in the admission or rejection of evidence, it must be clearly shown by the brief the evidence complained of and the ground upon which objection to such evidence is predicated." Connelly et al. v. Adams et al., 52 Okla. 382, 152 Pac 607; First Bank of Maysville et al. v. Alexander, 49 Okla. 418, 153 Pac. 616.

The instructions given and excepted to, and the instructions requested by the defendant refused and excepted to, are not set

out in the briefs in totidem verbis as required by part of rule 25 of this court, and therefore the same cannot be considered. In E. Van Winkle Gin & Machine Works v. Brooks, 53 Okla. 411, 156 Pac. 1152, Chief Justice Kane says:

"If counsel desired to present for review error predicated upon instruction given or refused, it was incumbent upon him to follow that part of rule 25 (137 Pac. xi) of this court, which provides: 'Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief the portion to which he objects or may save exceptions.' There has been no effort on the part of counsel to observe this rule, although it has been many times held to be mandatory. Lynn v. Jacksoon, 26 Okla. 852, 110 Pac. 727; Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127, Ann. Cas. 1912C, 659; Reynolds v. Hill, 28 Okla. 533, 114 Pac. 1108; Seaver v. Rulison, 29 Okla. 128, 116 Pac. 802; Arkansas Valley Nat. Bank v. Clark, 31 Okla. 413, 122 Pac. 135."

Therefore the only error assigned which we can consider is "that the court erred in overruling motion of plaintiff in error for a new trial."

The evidence disclosing that the condition of the sidewalk had existed for more than a year prior to the happening of the accident resulting in the injury of the plaintiff, it was actionable negligence for the defendant to permit the sidewalk to remain in the condition it was. Whether or not the plaintiff was exercising ordinary care, whether or not she was injured by reason of the condition of the sidewalk, and whether or not the city had or ought to have had notice of the condition of the sidewalk, are questions of fact for the jury; and, there being evidence to sustain the verdict, though in conflict, the verdict of the jury is conclusive on these points. In the City of Woodward v. Bowder, 46 Okla. 505, 149 Pac. 138, it is held:

"The existence of the fact of actionable notice, or of facts constructively equivalent as matter of law to actual notice, as well as the reasonable sufficiency of the measures taken to prevent injury from an unsafe condition of a sidewalk, are ordinarily for the jury to determine."

In Cleveland Trinidad Paving Co. v. Mitchell et al., 42 Okla. 49, 140 Pac. 416, it is held:

"The notice of a defective street or sidewalk to a city may be actual or constructive. The question of notice is one of fact for the jury to determine."

In Town of Norman v. Ursula J. Teel, 12 Okla. 69, 69 Pac. 791, the following rule is stated:

"The sufficiency of the notice to fasten liability upon a city for a defective sidewalk is a question of fact to be determined by a jury under all the circumstances surrounding the particular case. It is not essential that the corporation shall have actual notice. If the defective condition of the street or sidewalk has existed for such a period of time that by the exercise of ordinary care and diligence the city authorities could have repaired the defect and placed the street or sidewalk in a reasonably safe condition, and it fails to do so, then it is liable for any injuries that may be occasioned thereby by reason of such negligence, provided the injured party was in the exercise of ordinary care."

While the evidence is in direct conflict as to whether or not the plaintiff was injured by the fall, and whether or not said fall was due to the character of shoes she wore, or the condition of the sidewalk, and whether or not she had, previous to the time of receiving the alleged injury, knowledge of the condition of the sidewalk, but there being evidence sufficient to sustain the verdict, we will not disturb the same, notwithstanding the evidence is in conflict.

We are unable to see that the trial court erred in overruling the motion for a new trial.

Finding no error in the record, this cause is affirmed.

It being made to appear by the record in this case that the judgment rendered in this cause was superseded by the execution of a supersedeas bond with the United States Fidelity & Guaranty Company, a corporation, as surety, it is hereby adjudged and ordered that judgment be rendered against said United States Fidelity & Guaranty Company, a corporation, for the sum of $300, with interest thereon from April 20, 1916, at 6 per cent per annum, and costs for which let execution issue out of the trial court.

By the Court: It is so ordered.