## CANADIAN VALLEY BANK v. COOK.

No. 16689—Opinion Filed May 25, 1926.

Rehearing Denied June 22, 1926.

**1. Justices of the Peace—Civil Jurisdiction Coextensive with County.**

The jurisdiction of the justices of the peace in all civil matters shall be coextensive with the county in which they are elected.

**2. Appeal and Error — Review—Sufficiency of Evidence to Support Verdict.**

Where the evidence is conflicting, and there is competent evidence and inferences that may be drawn therefrom to reasonably sustain the verdict of the jury, and the verdict rendered has the affirmative approval of the trial court, this court will not disturb the verdict.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by E. B. Cook against the Canadian Valley Bank to recover damages for conversion of personal property. Judgment for plaintiff, and defendant appeals. Affirmed.

Goode & Dierker, for plaintiff in error.

T. G. Cutlip, for defendant in error.

Opinion by MAXEY, C. This action arose in the justice court of L. A. Hathcock of Shawnee, Okla., and according to the summons issued in the justice court, was for the sum of $200. The plaintiff, E. B. Cook, had been residing in the town of Asher, in Pottawatomie county, for several years and was in the employ of the Southwestern Cotton Oil Company. Late in the fall of 1923, his employer, the Southwestern Cotton Oil Company, had him go to Oklahoma City to do some work for the company, and then from there he went to Weleetka, Henryetta, Okmulgee, and Beggs, and perhaps other places, doing work for his employer, the Southwestern Cotton Oil Company. When he left Asher, he locked his residence up, with his household and kitchen furniture in it, and left it in charge of a Mr. Woolford to look after during his absence. On the 29th day of February, 1924, the defendant, Canadian Valley Bank, sued out an attachment and had it levied on the plaintiff's household goods and the furniture contained in plaintiff's residence in the town of Asher; and on the first day of April, the constable sold said property at public sale. There was no service had on Cook in Pottawatomie county, but summons was issued to Pottawatomie county and returned "No service"; and another summons was issued to Pottawatomie county on the 18th day of March, 1924, and returned "Defendant not found." On the 24th day of March, 1924, a summons was issued to Garvin county, Okla.; and on the 25th day of March, 1924, returned "Cook not found in my county"; and on the 28th day of March, 1924, a summons was issued to Okmulgee county and returned on the 28th day of March "Served on the within named defendant by delivering a true copy to him." On all of these summons, there was indorsed on the summons that plaintiff will take judgment for $200 and interest from February 29, 1924, and on the 17th day of April, default judgment was entered against E. B. Cook in said justice court on the service had on him at Beggs, Okmulgee county.

The property was sold, and thereafter plaintiff brought this suit to recover the value of the goods taken and sold by the Canadian Valley Bank. The plaintiff in his petition claimed that he was the head of a family and resided in the town of Asher, Pottawatomie county, Okla., and that said property was exempt to him under the law of the state of Oklahoma. The defendant bank answered, and the case was tried to the court, and a jury and resulted in a verdict for the plaintiff in the sum of $586. A motion for a new trial was filed and overruled and time taken to prepare and serve case-made, and in due time the case-made was served, settled, and signed, and the case is now before this court for review.

It is contended by the plaintiff, Cook, that the justice of the peace never acquired jurisdiction of Cook and that the proceedings of levying on and selling his household and kitchen furniture under the order of the justice of the peace was void, and he relies on section 895, Compiled Statutes of 1921, which provides as follows:

"That the jurisdiction of the justices of the peace in all civil matters shall be co-extensive with the county in which they are elected."

It seems from the number of summons issued to the various counties in Oklahoma that the justice of the peace had an idea that his jurisdiction extended all over the country, and we are inclined to think that he never acquired jurisdiction over the defendant, Cook, nor the right to sell his property under attachment.

The other proposition in the case is that the property taken and converted by the defendant bank was exempt from sale under execution or attachment, and to do so amounted to a conversion of property, for which Cook could sue and recover the value thereof. The trial court took this view of it, and the evidence was introduced as to the value of the property at the time it was taken, and the case was submitted to the jury, and there is only one instruction given by the court that is complained of, and that reads as follows:

"Under the issues as made by the petition of the plaintiff and the answer of the bank, there is submitted for the consideration of the jury, the question of the value of the property admitted to have been taken by the bank, and the question as to whether or not the bank took all the property alleged by the plaintiff, and you are instructed that the burden of proof is upon the plaintiff to establish the value of the property taken and to prove that the bank took other of his property than that which the bank admits having taken. The plaintiff must establish these facts by a preponderance of the evidence, and by a preponderance of the evidence is not necessarily meant the greater number of witnesses, but is meant that evidence which, in the light of all the facts and circumstances occurring upon the trial, is entitled to the greater weight and credit, and if you find from a preponderance of the evidence that the bank took and appropriated other of the plaintiff's property at the said time, or exercised any unlawful and unauthorized dominion over the said property to the exclusion of the plaintiff's possession thereof, then you will return a verdict for the value of such other property."

We have read the testimony of the various witnesses and the pleadings in the case, and we think that said instructions fairly state the law as applied to the facts in this case.

The plaintiff in error contends that the court erred in refusing the plaintiff in error to introduce certain evidence offered by it. Without going into details as to what this evidence was, we will state that we have examined the evidence offered and the ruling of the court thereon, and are of the opinion that no reversible error was committed by the court in that regard. Plaintiff in error

does not seriously contend that the justice of the peace ever acquired jurisdiction over Cook or his property. The principal point of contention was as to the value of the property. We have examined this evidence, and think it reasonably tends to support the verdict of the jury, and under the rule prevailing in this jurisdiction:

"That where evidence is in conflict and there is competent evidence and inferences that may be drawn therefrom to reasonably sustain the verdict rendered, and the verdict rendered has the affirmative approval of the trial court, this court will not disturb the verdict." Blasdel v. Gower, 70 Okla. 178, 173 Pac. 644; State National Bank v. Williamson, 70 Okla. 111, 173 Pac. 445; City of Duncan v. Brown, 69 Okla. 246, 172 Pac. 79; Proctor v. Caps, 67 Okla. 130, 169 Pac. 894.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 C. J. p. 536 § 103. (2) 4 C. J. p. 859 § 2836; p. 2841; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4. R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.