## FINNEGAN v. BAYS.

No. 28113.   April 5, 1938.

Rehearing Denied May 10, 1938.

Samuel A. Boorstin and M. S. Williams, for plaintiff in error.

Stanley C. Edmister, for defendant in error.

CORN, J.   This is an appeal from a judgment rendered in the common pleas court of Tulsa county. The parties will be referred to as in the trial court.

The plaintiff began his action in the justice of the peace court by filing a bill of particulars alleging that the defendant had employed him to recover a valuable diamond ring the defendant's wife had lost, agreeing to pay plaintiff $100 for his services in the event he was successful in obtaining return of the ring. Thereafter the plaintiff devoted his entire time to the search until a week later, when he was notified by defendant's wife that the ring had been discovered in a closet. The bill of particulars set forth defendant's refusal to pay, and asked judgment for $100. The case was tried to a jury and the plaintiff recovered a verdict for $100, whereupon the defendant appealed to the common pleas court.

In the common pleas court the plaintiff filed an amended or substituted bill of particulars, further alleging that, as the result of his efforts and investigation, the ring had been returned to the place where found. At the trial the defendant tendered into court the sum of $15 as full payment, which tender was refused by the plaintiff.

The court instructed the jury that if they believed the defendant agreed to pay $100 for return of the ring, and if plaintiff's efforts caused the ring to be returned, the verdict should be for the plaintiff. But, if they failed to find that there was such an agreement, or that the ring was not returned as the result of the plaintiff's efforts, then the verdict should be for only $15, a reasonable charge for the work of investigating.

The jury returned a verdict for the plaintiff in the amount of $100.

The defendant asks a reversal of this judgment upon two propositions, the first of which is that when a jury returns a verdict which, under the evidence produced at the trial, is directly in disregard and disobedience of the court's instructions, such verdict should be set aside. The defendant's argument in support of this is that there is no competent evidence reasonably supporting the jury's verdict, and in such a case the verdict cannot be allowed to stand. The sole question, then, is whether there was sufficient evidence upon which the jury could reasonably find for the plaintiff.

The plaintiff's evidence showed that he was directed to get in touch with the defendant, and was retained by the defendant to handle this matter, giving his entire time to the investigation. The evidence further showed that the defendant and his wife considered the ring lost, informing both the plaintiff and the witness Kiskaddon, the only disinterested witness, that their home had been thoroughly searched and that the ring positively was not there.

Having offered this evidence, the plaintiff admitted on cross-examination that he did not know who returned the ring, who put it in the closet, and that he could not say

that he recovered the ring himself. The defendant's argument is that the jury had to supply this evidence for the plaintiff, disregarding the defendant's evidence, and arbitrate this matter as to what they thought right, in order to render the verdict they did. This contention seems highly improbable, in view of the fact that two separate juries considered the same evidence and arrived at the same conclusion, namely, that the defendant had made an agreement with the plaintiff, and by reason of the plaintiff's efforts the ring was returned.

In this connection one very important thing to be considered is the fact, disclosed by the evidence, that the ring had been gone for more than a month and the defendant's wife had positively declared that it was not in the house. Yet, within a week after the plaintiff came into the matter, the ring was suddenly found by defendant's wife, in a place where it should have been easily discoverable, even by a casual search.

We are not unmindful of the rule contended for by the defendant, supported by innumerable decisions from this court, that where there is no competent evidence to support the verdict of a jury, the same will be set aside on appeal. However, this rule is as often stated, that where there is any competent evidence to sustain the jury's verdict, the same will not be reversed on appeal. The rule announced by this court is well expressed by the language in the case of Canadian Valley Bank v. Cook, 118 Okla. 158, 247 P. 370, syllabus 2 of which states:

"Where the evidence is conflicting, and there is competent evidence and inferences that may be drawn therefrom to reasonably sustain the verdict of the jury, and the verdict rendered has the affirmative approval of the trial court, this court will not disturb the verdict."

See, also Maly v. Lamerton, 113 Okla. 168, 240 P. 716, second paragraph of the syllabus.

This rule being so firmly established, the citation of additional cases which only reiterate the rule would serve no useful purpose here. It is sufficient to say that the jury had the opportunity, under proper instructions from the court, to pass upon the evidence. Having rendered a verdict based upon this evidence, the same will not be disturbed by this court.

The defendant's second proposition is to the effect that the trial court erred in denying a motion for new trial where the verdict returned by the jury was in disobedi-

ence and disregard of the court's instructions, and therefore contrary to law. Having already determined that the evidence was conflicting and that the matter was, therefore, properly submitted to the jury, and that the evidence upon which the jury based its verdict was sufficient, there was no error in the trial court's refusal to grant a new trial on the grounds that the verdict was contrary to law and in disobedience of the court's instructions.

The cases cited by the defendant as authority for this contention are cases which hold that ordinarily a verdict is contrary to law when it is returned in disobedience or disregard of the court's instructions. The trial court instructed the jury that it was necessary to find that the defendant agreed to pay the plaintiff, and, further, that they had to believe by reason of a preponderance of the evidence that the ring was returned as a result of the plaintiff's efforts. The jury heard all the testimony and had opportunity to observe the witnesses, and resolved the issues in favor of the plaintiff under evidence which was competent and reasonable. The jury having passed upon these conflicting matters, and the evidence and the inferences deducible therefrom being sufficient to sustain their finding, the judgment of the trial court is therefore affirmed.

BAYLESS, V. C. J., and WELCH, PHELPS, and HURST, JJ., concur.