## JONES v. CITY OF COLUMBUS, MISS.
### No. 10516.

Circuit Court of Appeals, Fifth Circuit.

March 25, 1943.

Rehearing Denied May 11, 1943.

Jas. A. Cunningham, of Booneville, Miss., and William P. Stribling, of Columbus, Miss., for appellant.

John F. Frierson, of Columbus, Miss., and Thos. Fite Paine, of Aberdeen, Miss., for appellee.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action by appellant to recover damages for personal injuries sustained by her while a pedestrian on a public sidewalk in the City of Columbus, Mississippi. On the trial below, at the close of the plaintiff's testimony, the court gave a peremptory instruction to the jury to find a verdict for the defendant. This appeal challenges the correctness of that ruling.

The evidence shows that the accident occurred after dark at a place on the sidewalk where there was a precipitous drop of twelve inches. The appellant testified that she was proceeding carefully but did not see the step-off before she fell, that it was the stepping off that hurt her, "that and the fall". In a deposition previously taken, but not introduced, appellant had testified that there was gravel on the pavement; that this caused her foot to slip; and that she "imagined" the gravel as much as anything else caused the accident.

The court below thought it clear that she turned her ankle and fell when she stepped down on a piece of gravel; and since there was no evidence to show that the city had any actual or constructive knowledge of the gravel being there, the motion on behalf of appellee for a peremptory instruction in its favor was sustained. In so doing we think the court fell into error. It was a question for the jury, not for the court, to determine the worth and weight of appellant's testimony and which of her conflicting statements, if either, was true. Evidence of contradictory statements was admitted only to discredit the witness; it was not affirmative evidence of the facts stated.[1]

The remaining question is whether the evidence, if believed by the jury, was sufficient to warrant the inference that the injuries complained of were directly and proximately caused by the negligence of appellee in failing to exercise ordinary care to maintain its sidewalk in a reasonably safe condition for pedestrians using ordinary care.[2] The averment is made that no light was provided at or near the step; but, if there was no defect in the walk, there was no duty to put a light there. This was the rule at common law, and we have been cited to no statute, decision, or charter provision that changes the rule in Mississippi.[3]

Presuming as we must that the city knew the step was there, liability in this case depends upon whether or not the concrete sidewalk was so negligently constructed as to be dangerous to pedestrians using ordinary care. The city is not an insurer of the safety of such persons, but is liable only for injuries to them resulting from its negligence. The burden of proving such negligence rests upon the plaintiff throughout the trial, and never shifts to the defendant, though the burden of rebutting inferences from facts already proven may shift from one party to the other as the trial proceeds. The evidence below was sufficient to warrant, but not to compel, an inference by the jury that appellant's injuries were the direct and proximate result of the negligent construction of the sidewalk.

The appellant testified that she had never been on that street before, and

---

[1] Jones on Evidence, Vol. 3, p. 1564.

[2] Birdsong v. City of Clarksdale, 191 Miss. 532, 544, 3 So.2d 827, 830.

[3] 43 Corpus Juris, § 1835, p. 1059; 25 Am.Jur., p. 710, § 415.

did not know of the danger until she fell. The step-off did not lead from the sidewalk to the street; it was near the middle of a block, and ran horizontally across the entire width of the walk. It was at the intersection of the sidewalk with a driveway from the street to private property. It is of course necessary to have ways of ingress and egress to and from private property abutting on streets; but was this intersection properly constructed with due regard to the safety of persons using the sidewalk? Was it necessary to have the step-off in order to have the driveway? Was the condition that existed there dangerous to one using the sidewalk with ordinary care? If so, could the danger have been avoided or the defect corrected at a reasonable cost by changes in the plan of construction? If not, did the exercise of ordinary care require that the place be lighted at night? These are questions of fact to be determined from the evidence. If there is no conflict in the evidence, and only one reasonable inference may fairly be drawn from the undisputed facts, the issue presented as to the city's liability is for the court to decide; otherwise, it is for the jury under instructions from the court.[4]

 The law of Mississippi, which governs in this case, does not require sidewalks to be so constructed as to secure absolute immunity from danger for pedestrians that use them.[5] The measure of diligence required of municipalities is the exercise of ordinary care to construct and maintain reasonably safe sidewalks.[6] All sidewalks are not required to be constructed upon exactly the same level, and the mere existence of a step therein does not render the city liable where the inequality is so slight that injury therefrom cannot reasonably be anticipated; but when a step

is necessary it is the duty of the municipality to use ordinary care so to construct and maintain the sidewalk as to make it reasonably safe for public use. Recovery may be had for injury to a pedestrian caused by an unusual and unnecessary step in the sidewalk if injury to some one walking thereon with ordinary care should have been foreseen by an ordinarily prudent person.[7]

The judgment appealed from is reversed, and the cause remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed.

---

[4] City of Greenville v. Laury, 172 Miss. 118, 122, 159 So. 121, 122.

[5] City of Meridian v. Crooks, 109 Miss. 700, 69 So. 182, L.R.A.1916A, 482.

[6] Nesbitt v. City of Greenville, 69 Miss. 22, 10 So. 452, 30 Am.St.Rep. 521; Walker v. Mayor, etc., of Vicksburg, 71 Miss. 899, 15 So. 132.

[7] Whitfield v. Meridian, 66 Miss. 570, 6 So. 244, 4 L.R.A. 834, 14 Am.St.Rep. 596; Birdsong v. City of Clarksdale, 191 Miss. 532, 3 So.2d 827. See, also, Lebanon v. Graves, 178 Ky. 749, 199 S.W. 1064; Blyhl v. Waterville, 57 Minn. 115, 58 N.W. 817, 47 Am.St.Rep. 596; Duncan v. Brown, 69 Okl. 246, 172 P. 79,

where the sidewalk was six inches lower than connecting sidewalk; Frankfort Gen. Ins. Co. v. Milwaukee, 164 Wis. 77, 159 N.W. 581, where there was a drop of one foot from sidewalk built along a street across an alley entrance; Robinson v. Oconto, 154 Wis. 64, 142 N.W. 125, where there was an abrupt drop of eight inches; Blume v. New Orleans, 104 La. 345, 29 So. 106, where there was an abrupt rise of five inches between the walks of two proprietors; Tabor v. St. Paul, 36 Minn. 188, 30 N.W. 765, where a difference of six to nine inches was held sufficient evidence of a defect to go to the jury; 43 C.J. § 1795, pp. 1017 and 1018.