**ASSOCIATED INDEMNITY CORPORA-
TION et al., Plaintiffs-Appellants,**

v.

**R. J. SHEA, Deputy Commissioner, etc.,
et al., Defendants-Appellees.**

No. 71–2905
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 1, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**914**

A. Clay Rankin, III, G. Hamp Uzzelle, III, Mobile, Ala., for plaintiffs-appellants.

Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Morton Hollander, Atty., Dept. of Justice, L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., for defendants-appellees.

Ross Diamond, III, Mobile, Ala., for defendant-appellee Hurlis L. Pompey; Diamond & Lattof, Mobile, Ala., of counsel.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

In this Longshoremen's and Harbor Workers' Compensation Act death benefits case, 33 U.S.C. § 901 et seq., Gulf Stevedore Corporation[1] and its insurance carrier, Associated Indemnity Corporation, seek reversal of a summary judgment by the District Court in favor of claimant Hurlis L. Pompey, widow of the deceased longshoreman, Isaiah Pompey, employee of Gulf. We affirm the District Court.

A review of the record establishes that there was substantial evidence to support the findings of the Deputy Commissioner that the injury resulting in Pompey's death occurred on navigable waters and that it was causally related to his employment. The evidence shows that while Pompey was assisting in loading a vessel in the Port of Mobile, a sudden rainfall caused him to rush about in order to get the hatches covered. Two pontoons were placed on the hatches and the men were in the process of covering a third hatch when Pompey obtained permission to go to the men's room. He thereupon left the vessel and was seen to stagger upon reaching the pier. When he arrived at the warehouse he collapsed, perspiring profusely and holding his chest, gasping for air. Shortly thereafter he was taken to a hospital by ambulance where he was pronounced dead. Based on substantial medical evidence, the Deputy Commissioner found that the increased activity of Pompey on the vessel precipitated the onset of the coronary occlusion resulting in a massive myocardial infarction and his ultimate death. Under the substantial evidence rule the District Court properly upheld the Deputy Commissioner's award. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); O'Keeffe v. Smith, Hinchman & Grylls Assocs., Inc., 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965).[2]

---

1. It was within the discretion of the Trial Court to allow Gulf an extension of time for filing its appeal, and the matter is properly before us. Rule 4, Federal Rules of Appellate Procedure.

2. Although appellants did not urge it below, and do not assert it as an issue here, they nevertheless contend that the question of whether the injury occurred on navigable waters is jurisdictional and therefore, under the doctrine of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932), they are entitled to a trial *de novo*. Whether any vestige of validity remains of the extensively criticized *Crowell* doctrine is extremely doubtful. Suffice it to say, that although the Supreme Court has not expressly overruled *Crowell*, it simply does not follow it. *O'Leary* and *O'Keeffe* make it clear that the standards for appellate review of the Deputy Commissioner's findings are those established by the Administrative Procedure Act, 5 U.S.C. § 500 et seq., that is, such findings are accepted unless "irrational or 'unsup-

There is no merit to appellants' additional contention that the claim for compensation, not having been filed within one year from Pompey's death, is barred by Section 13 of the Act, 33 U.S.C. § 913(a). The claim was filed prior to the filing of Gulf's report of death. Under 33 U.S.C. § 930(a), (f), commencement of the period for filing a compensation claim is stayed until the employer has filed a report of the injury or death, where the employer or carrier has knowledge of the incident. The evidence of knowledge on the part of both the stevedoring company and its insurance carrier is substantial. Representatives of both companies investigated the incident shortly after Pompey's collapse.

Affirmed.

ported by substantial evidence on the record * * * as a whole'." 340 U.S. at 508, 71 S.Ct. at 472; 380 U.S. at 362, 85 S.Ct. at 1014.

