**ROCKPORT YACHT & SUPPLY CO., INC., and Marine Office of America**

v.

**Lee H. HOLLIS, Deputy Commissioner, et al.**

Civ. A. No. 71–C–63.

United States District Court,
S. D. Texas,
Corpus Christi Division.

Dec. 11, 1973.

Lev Hunt, Corpus Christi, Tex., for Rockport Yacht & Supply Co., Inc. and Marine Office of America.

Jack Shepherd, Asst. U. S. Atty., Houston, Tex., for Lee H. Hollis, Deputy Commissioner.

William R. Edwards, Corpus Christi, Tex., for James R. Nelson.

W. N. Woolsey, Corpus Christi, Tex., for Highland Ins. Co.

## MEMORANDUM and ORDER

OWEN D. COX, District Judge.

James R. Nelson allegedly suffered an injury to his back on February 6, 1969. At the time of the injury, Nelson was employed by Rockport Yacht & Supply Co., Inc. (called "RYSCO" hereafter). He filed notice of injury and claim for compensation with the Texas Industrial Accident Board of the State of Texas about four months after the alleged injury occurred. Thereafter, by award dated September 23, 1969, the Industrial Accident Board found Nelson was totally and permanently incapacitated and ordered the workmen's compensation insurance carrier to pay $35.00 a week for 401 weeks. This award was appealed to the 105th District Court of Aransas County, Texas, in Cause No. 4355, styled Commercial Insurance Company of Newark, New Jersey v. James R. Nelson. Subsequently, this compensation case was tried and the jury deadlocked. The case is, therefore, still pending in the state district court. So far, Nelson has received only four weeks of Texas workmen's compensation benefits at the rate of $35.00 a week.

In addition to the claim filed with the Texas Industrial Accident Board, concerning the alleged injury of February 6, 1969, and while Nelson was still employed at RYSCO, he filed, on December 9, 1970, an Employee's Claim for Compensation, pursuant to the Federal Longshoremen's and Harbor Workers' Act, covering the injury of November-December, 1968; and, on July 30, 1970, a similar form, alleging disability resulting from the same February 6, 1969, accident that is the basis for the above referred to state District Court case pending in Aransas County, Texas. These claims were docketed under files No. 8–1125 and No. 8–11883 before the Deputy Commissioner, and his award, made on March 19, 1971, covered both files.

The Deputy Commissioner found that no disability resulted from the November-December, 1968, injury, being the period when RYSCO was insured by Highland Insurance Company, but he did find the injury of February 6, 1969, arose out of and in the course of claimant's employment upon the navigable waters of the United States, and resulted in total and permanent disability of Nelson. The Deputy Commissioner awarded a lump-sum payment of 109⁴⁷ weeks, totalling $7,305.11, plus $568.90 drug bills, plus payment of $66.67 a week until death of the claimant or further order of the Deputy Commissioner. Up to the present day, the Plaintiffs RYSCO and Marine Office, RYSCO's insurance carrier in February, 1969, have refused to pay any monies owing to the claimant Nelson under the Deputy Commissioner's award; and, they have brought this action as an appeal from said award and for injunctive relief against the enforcement of it. This Court must, therefore, be concerned with whether or not the award of the Deputy Commissioner is supported by substantial evidence, and the effect, if any, the state court controversy has on it.

But, before the Court can proceed to the merits, it is confronted with the question of whether or not the employer, Rockport Yacht and Supply Co., Inc., and its carrier, Marine Office of America, are entitled to a de novo trial of Nelson's claims before this Court. These Plaintiffs rely for the right to a de novo trial, primarily, on the case of Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.

Ed. 598 (1931). In that case, the original petitioner, Knudsen, had obtained an award under the Longshoremen's and Harbor Workers' Compensation Act, by Deputy Commissioner Crowell against the alleged employer, Benson. Benson, however, sought to enjoin the enforcement of the award. The District Judge denied the motion of the Deputy Commissioner to dismiss the complaint and granted the employer a hearing de novo upon the facts and the law. There was no question but that Knudsen was injured performing services on navigable waters; but, upon the hearing, the District Court found that the petitioner, Knudsen, was not in the employ of Benson, and, this being a jurisdictional defect, restrained the enforcement of the award. The Supreme Court recognized that "questions of law are without finality," in the Commissioner's hearing, and it acknowledged that, "as to the questions of fact arising with respect to the injuries to employees within the purview of the Act, the findings of the Deputy Commissioner, supported by evidence and within the scope of his authority, shall be final."

However, the Supreme Court distinguished fundamental or jurisdictional questions of fact from those within the purview of the Act, and set out the "fundamental requirements" of the Act to be that "the injury occur upon the navigable waters . . . [and that] the relation of master and servant exist"; and held that, through injunctive proceedings, these two "fundamental requirements" could be determined in a de novo hearing. The Court concluded, "We are of the opinion that the District Court did not err in permitting a trial de novo on the issue of employment."

The particular proposition for which Crowell v. Benson is cited here has not again been discussed by the Supreme Court of the United States in such a way as to confirm its holding on the de novo hearing point. Back in 1942, the

Court of Appeals for the District of Columbia, in Gudmundson v. Cardillo, 126 F.2d 521, skirted around Crowell v. Benson. The Longshoremen's and Harbor Workers' Compensation Act is adopted by the District of Columbia compensation act for United States employees, to a considerable extent. The question of whether or not the relation of master and servant existed was at issue; but, of course, in *Gudmundson* no admiralty jurisdiction was involved. The lack of admiralty jurisdiction being the case, the Court said there was no constitutional jurisdictional fact to be decided, and took care of Crowell v. Benson by saying its language "is no more than the recognition of the doctrine that as to a constitutional limitation the finding of fact by an administrative officer is not conclusive." Then, the Court of Appeals upheld the Deputy Commissioner's findings of fact and held the District Court was not in error in dismissing the complaint.

The Fifth Circuit has discussed this problem in Associated Indemnity Corporation v. Shea, 455 F.2d 913, 914 (5th Cir. 1972). There is a footnote on page 914 which says, "Whether any vestige of validity remains of the extensively criticized *Crowell* doctrine is extremely doubtful. Suffice it to say, that although the Supreme Court has not expressly overruled *Crowell*, it simply does not follow it." The cases of O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 and O'Keeffe, Smith, Hinchman & Grylis Associates Inc., 380 U.S. 359, 95 S.Ct. 1012, 13 L. Ed.2d 895, referred to in the footnote, are not exactly in point. In those cases just cited, the standards for appellate review of the findings made by the Deputy Commissioner are pursuant to statutory workmen's compensation acts, and are not necessarily applicable to the Longshoremen's and Harbor Workers' Act, regardless of similarity of language, nor to admiralty proceedings. These cases can be distinguished from

Crowell v. Benson, if it be worth it, in the same manner as did the Court in *Gudmundson*. The constitutional admiralty jurisdiction, pursuant to Article III, Section 2, Clause 1, of the Constitution of the United States, may still make the difference.

■ If the holding in Crowell v. Benson, allowing de novo proceedings in admiralty jurisdictional matters, is still effective in spite of the Administrative Procedure Act, 5 U.S.C., §§ 500 et seq., then RYSCO would be entitled to a de novo hearing as to the fact of employment, if in dispute, and of the injury upon navigable waters, if in dispute. But, be that as it may, we are prompted to deny the de novo hearing requested by Plaintiffs because the Court of Appeals for the Fifth Circuit has indicated the applicable portion of the Crowell v. Benson holding has, through lack of use, long since slipped into oblivion, and, further, the evidence before the Deputy Commissioner would have to be stretched considerably to find conflicting testimony on the issue of whether or not the injury of February 6, 1969, occurred upon navigable waters. As mentioned above, Nelson's employment by RYSCO was never questioned.

■ All the substantive evidence established that Nelson was lifting the band saw from the boat into the pickup, and that the boat was on navigable waters. There was no affirmative testimony to the contrary. However, Plaintiffs tried to parlay impeaching testimony into probative evidence. One witness at the hearing, Ray Henderson, had previously made a statement, dated April 30, 1969, in which he said, "We were loading a band saw. I do not recall if we were loading a band saw on the boat or off of the boat." Before the Commissioner, he testified that, "Mr. Nelson was on the boat." The prior statement was used for impeachment purposes. Admittedly, such statement might serve to impeach Mr. Henderson, but, nevertheless, an inconsistent statement cannot be considered in determining whether there is probative evidence to support a finding of fact. The prior statement was not affirmative testimony that Nelson was in the pickup truck when he was injured. Jones v. City of Columbus, 5 Cir., 134 F.2d 464. This is doubly true because of the uncertainty of Henderson's previous statement.

The remaining findings being within the purview of the Act, the Plaintiffs are not entitled to a de novo trial. It is so ordered.

■ The award of the Deputy Commissioner is not precluded by reason of the fact that Nelson had a claim pending under the Texas Workmen's Compensation Act; any recovery under the state act must be credited against the award of the Deputy Commissioner so as to preclude a double recovery. Calbeck v. Travelers Insurance Co., 370 U.S. 114, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962); Newport News Shipbuilding & Drydock Co. v. O'Hearne, 192 F.2d 968 (4th Cir. 1951).

This Court further concludes that the findings, order and award of the Deputy Commissioner are in accordance with the law and are supported by substantial evidence in the record of the proceedings, and that the award should be, and it is hereby, affirmed. Thus, there is no genuine issue as to any fact and the Deputy Commissioner is entitled to judgment on the record as a matter of law. Therefore, the motion for summary judgment filed by Defendant Deputy Commissioner should be, and it is hereby, granted. The Court will sign its final order carrying out this memorandum and order.